No. 156.—THOMAS JACOBS, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant.

[1.] If the Petit Jury return a verdict of "not guilty," and express it as their opinion that the prosecution is malicious, it is not in the power of the Court to relieve the prosecutor from the payment of the costs.

[2.] The second section of the 9th division of the Penal Code defining the offence of riot construed.

Motion, in Gwinnett Superior Court. Decision by Judge JACKSON, September Term, 1856.

An indictment was found against several persons for a riot, in the performance of an unlawful act. On the trial, it appeared that the act was not unlawful, although the riot was proved. The Court below directed the Jury to find a verdict of not guilty under this indictment. The Jury found this verdict "and a malicious prosecution." On the question of entering judgment against the prosecutor, Thomas Jacobs, for the costs, the Court below held that he had no discretion,

and could not stop the judgment. This decision is assigned as error.

HILLYER; PEEPLES, for plaintiff.

Sol. Gen. THURMOND, *contra.*

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] Section III. of the 14th division of the Penal Code (*New Digest,* 833,) declares, that "upon every indictment the prosecutor's name shall be indorsed, who, upon the acquittal or discharge of the person so accused, shall be compelled to pay all costs which have accrued, if the Grand Jury, by their foreman, upon returning "no bill," express it as their opinion that the prosecution was unfounded or malicious; or if the Petit Jury, upon returning of "not guilty," shall express a similar opinion.

The Petit Jury, in this case, having returned a verdict of "not guilty;" and further, having found that the prosecution was malicious, had the Court the power to relieve the prosecutor from the payment of costs? We are clear, that no such discretion is lodged in the Court. The law is imperative. As well might the Court be called on to relieve against a similar finding by the Grand Jury.

The question of malice is one of fact referred expressly and exclusively by the law to the Jury; and yet, should the Court undertake to interfere in the manner proposed, it would take it upon itself not only to wrest this matter from the consideration of the Jury, but to take final jurisdiction itself. This is the necessary result, as no new trial can be ordered in the case, the defendant having been acquitted.

It might be well for the Legislature to confer some discretion upon the Courts over this subject. But to ask the Courts to grant relief under the law as it now stands, is to call on them to repeal the Statute—just as much so as if the law

were to say that in every case of acquittal the prosecutor should pay the cost. Indeed, there is a provision now (*Cobb,* 860,) which authorizes persons to be discharged at the cost of the prosecutor, if, in the opinion of the Judge, there was no reasonable ground for making the arrest. The complaint, after all, is against the abuse of power; and yet, power must be lodged somewhere. It is bad, undoubtedly, in this case, to make the prosecutor pay the cost. It is still worse, so far as the criminal justice of the country is concerned, that these defendants should have escaped.

[2.] To avoid the recurrence of a similar hardship, we have felt it to be our duty to notice the construction put upon the offence of riot, as defined in the Code. Section II. of the 9th division provides, that "if any two or more persons, either with or without a common cause of quarrel, do an unlawful act of violence or any other act in a violent and tumultuous manner, such person so offending shall be guilty of a riot," &c. (*Cobb,* 811.)

His Honor, Judge JACKSON, seemed to think that because the indictment charged the riot to have been committed in the performance of an unlawful act, and the proof showed that no assault was committed by the defendants upon the prosecutor, that there could be no conviction, and accordingly directed an acquittal by the Jury.

Such is not our understanding of the law; and we are sure that that most excellent Magistrate who presided on the trial, would have interpreted the Code differently, had he not been governed by the practice of his circuit, instead of being guided by his own good sense. A riot is but one offence. It may be perpetrated by doing an unlawful act of violence or any other act, in a violent and tumultuous manner. The former or higher offence includes the latter or less, as murder does every grade of manslaughter, and an assault with intent to murder, an assault merely. And so, the Jury may find according to the proof submitted.

The indictment was properly framed in this case. There

might have been two counts : one sufficed. The evidence did not show that the defendants struck Mr. Jacobs, or attempted to do so. It did establish, without contradiction, that they cursed and swore, and threatened to whip the prosecutor on the public highway, abusing him in the most violent manner, and raising their sticks over his head within striking distance. That they might have been convicted under the second branch of the definition of a riot, there can be no doubt. Their conduct was violent, tumultuous and certainly unjustifiable, if not unlawful, and deserved the most condign punishment.