THE STATE OF KANSAS v. NICHOLAS ZIMMERMAN.

1. LIBEL; *Costs Erroneously Adjudged.* In a criminal action against a defendant for libel, where the jury return a verdict of not guilty, and state therein the name of the prosecutor and find the prosecution was instituted by him without probable cause and from malicious motives, the trial court has no power to set aside so much of the verdict as embraces these findings and adjudge the costs against the county.

2. LIBEL; *Costs; The State May Appeal.* Where the defendant is acquitted in a criminal action for libel, and the name of the prosecutor is stated in the verdict, and the jury find that the prosecution was instituted by him without probable cause and from malicious motives, and the court sets aside that portion of the verdict and renders judgment against the county for the costs, *held,* that an appeal may be taken by the state to the supreme court, under subdivision 3d of § 283, chap. 82, Comp. Laws of 1879.

*Appeal from Leavenworth District Court.*

INFORMATION for libel. The ruling and judgment complained of by *The State,* and the facts, appear in the opinion.

*Thos. P. Fenlon,* county attorney, for The State.

*Lucien Baker,* for the appellee.

The opinion of the court was delivered by

HORTON, C. J.: This was an information for libel, instituted by Nicholas Zimmerman, as prosecutor, against Michael Reinish. Upon the trial the jury found and returned the following verdict:

"We, the jury, impaneled and sworn in the above entitled case, do, upon our oaths, find the defendant not guilty; and we do further find that this prosecution was instituted by Nicholas Zimmerman without probable cause, and from malicious motives.          O. S. HIATT, *Foreman.*"

Upon motion of the prosecuting witness, Zimmerman, the trial court set aside so much of the verdict as found the prosecution malicious and without probable cause. Judgment was thereon rendered against the county of Leavenworth for the costs. This is the ruling complained of. In all prosecutions

for libel, the jury have the right to determine, at their discretion, the law and the fact; and therefore in such cases the instructions of the court are not to bind the consciences of the jury, but only to inform their judgments. (Comp. Laws of 1879, p. 366, § 275.) Under the provisions of § 326 of the criminal code, the jury trying the case exercised the right permitted by the statute of stating in their finding the name of the prosecutor, and that the proceeding was instituted without probable cause and from malicious motives. The court had no power to set aside the verdict in such a case, and it was equally powerless to set aside a part thereof. Therefore, in the absence of such power, the order of the court was erroneous and must be reversed. Upon the verdict, the prosecutor should have been adjudged to pay the costs.

The counsel for Zimmerman suggests that the state has no standing in this court, on the ground that the matter before us is not appealable. Section 283 of the criminal code reads—"Appeals to the supreme court may be taken by the state in the following cases, and no other:

"*First*, upon a judgment for the defendant, on quashing or setting aside an indictment or information; *second*, upon an order of the court arresting the judgment; *third*, upon a question reserved by the state."

Upon the trial, the state excepted to the ruling of the court relieving the prosecutor from the payment of the costs, and adjudging the county to pay the same. Therefore, for all purposes, the question presented to us was reserved by the state, and the case is appealable under the third subdivision of said § 283. Unless this subdivision authorizes appeals in such cases as this, we cannot imagine the purpose of its incorporation in the statute. If this construction cannot be given to said subdivision, it has no force or meaning.

The ruling and judgment of the district court will be reversed, and the cause remanded with direction that the prosecutor shall be adjudged to pay the costs, and be committed to jail until the same are paid or secured to be paid.

All the Justices concurring.