In re Lowe, *Appellant.*

*In the matter of the Appeal of* S. LOWE, *prosecuting witness, from a judgment against him for costs.*

46   255
50   793

46   255
51   792

1. STATUTES—*Valid Sections.* Neither ¿ 275 of the crimes act, (Comp. Laws of 1885, p. 360,) nor ¿ 326 of the code of criminal procedure, (Comp. Laws of 1885, p. 760,) is unconstitutional and void.

2. COSTS—*Taxation in Criminal Cases.* A question as to the proper taxation of costs will not be considered in this court unless a motion to retax has been acted upon by the court below.

## Appeal from Elk District Court.

A COPY of the information referred to in the opinion, (caption omitted,) is as follows:

"In the name and by the authority and in behalf of the state of Kansas, I, J. V. Beekman, county attorney in and for the said county of Chautauqua, come now here and give the court to understand and to be informed, that on the 23d day of August, 1889, at and within the said county of Chautauqua and state of Kansas, the above-named defendant, F. Keifer, then and there unlawfully, willfully and maliciously intending and contriving to defame one Sandy Lowe, and provoke him to wrath and expose him to public hatred, contempt and ridicule, and to deprive him of the benefits of public confidence and social intercourse, and to scandalize and to provoke him, did then and there unlawfully and willfully and maliciously make, compose, publish, and circulate, of and concerning said Sandy Lowe, the following false, malicious, defamatory and scandalous letter, writing and communication, to wit:

"'OFFICE OF F. KEIFER,
DEALER IN GENERAL MERCHANDISE AND SHIPPER OF PRODUCE.
PERU, KANSAS, August 23, 1889.

"'*Mr. W. J. Riggs, Cedar Vale, Kas.:*

"'DEAR SIR—Yours at hand. In reply will say that Capt. Lowe has no friends in this part of the Co. Don't know of a man that will vote for him; he may run well where he is not known; he is rough, overbearing, and has trouble with everybody he has dealings with, and also with his own family. The general talk is, here, that he whipped his wife on her death-bed, and that marks were on her body when she was buried. He had to run away from Mo.; been in jail in Mo.; I think we have plenty of good men in this Co. for sheriff without taking up such a man as Capt. Lowe. He has no education. Now, Mr. Riggs, I will refer you to his neighbors, Herbert Miller or Joe Foltz. Mrs. Foltz helped dress Mrs. Lowe when she was buried; or his own children.
"'Yours truly,                          F. KEIFER.'

"That said defendant, Keifer, did then and there unlawfully and maliciously make, compose, circulate, communicate, deliver and cause the said libelous, defamatory and scandalous letter and writing to be read and otherwise communicated to one W. J. Riggs, and divers other persons, and did then and there and thereby unlawfully, willfully and maliciously slander, defame and scandalize the said Sandy Lowe, and did then and there and thereby unlawfully and maliciously provoke him, the said Sandy Lowe, to wrath, and expose him to public hatred, contempt, and ridicule, and did then and there and thereby deprive him, the said Sandy Lowe, of the benefits of public confidence and social intercourse; contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state of Kansas."

Other material facts are stated in the opinion.

*J. V. Beekman,* and *M. B. Light,* for appellant.

*John N. Ives,* attorney general, and *L. C. Whitney,* county attorney, for appellee.

Opinion by SIMPSON, C.: An information was filed against one F. Keifer, in the district court of Chautauqua county, charging that the defendant, on the 23d day of August, 1889, unlawfully, willfully and maliciously made, composed, and circulated, against the appellant, S. Lowe, a certain false, malicious, defamatory and scandalous letter, writing, and communication, set forth in full in said information. A change of venue was taken to Elk county, and the case was tried in the district court of that county before a jury, and a verdict returned October 14, 1889, finding the defendant not guilty; that the prosecution was instituted without probable cause, and from malicious motives, and stated the name of the prosecuting witness to be S. Lowe. The defendant, Keifer, was discharged from custody without day.

On the 17th day of October, 1890, the appellant, as prosecuting witness, filed a motion for a new trial, so far as the verdict related to him as a prosecuting witness, which was overruled. On the 18th day of October he filed a motion in arrest of judgment, and this was overruled. The distinct

causes for a new trial and arrest of judgment were: *First,* That upon the trial had he had not been heard either in person or by his attorney in his own defense touching the matter in controversy, being neither plaintiff nor defendant in the action. *Second,* That the trial court erred in matters of law, permitting certain depositions to be read, and in certain instructions respecting the same. *Third,* Error in instruction respecting § 326, chapter 82, criminal procedure. *Fourth,* That the verdict is contrary to the law and the evidence in the case. *Fifth,* That the court erred in its instructions respecting § 275, chapter 31, General Statutes; that said section is unconstitutional and void. On motion for arrest of judgment, he claimed he had a right to be heard, and that he had a right to a separate trial, which he demands. The court pronounced judgment on the verdict that S. Lowe pay all costs of said action, taxed at $1,053.40; that he be committed to the jail of Elk county until such costs are paid, or until he executes a good and sufficient bond, with two or more sureties, in the sum of $2,500, to be approved by the sheriff of said county, conditioned that he pay all costs in said action within six months from the date of said judgment. At the time the judgment for costs was rendered, and the various rulings of the trial court were made, the appellant saved exceptions. A bill of exceptions was duly signed by the court and attested, and an appeal taken to this court.

Some of the questions discussed by the counsel for the appellant, both in his oral argument and his elaborate brief, have been decided adversely to his views. He claims that both § 275 of the crimes act and § 326 of the code of criminal procedure are unconstitutional and void for a variety of reasons.

I. We are met by a very serious question on the threshold of the consideration of this record, and that is whether this court can review the rulings and proceedings of the court below. We are asked to set aside the judgment of the court below against this appellant for costs, for the reason that the lower court committed many grievous errors of law at the

trial, and because the statutes authorizing such a judgment for costs are unconstitutional and void.   In the case of *The State v. Zimmerman*, 31 Kas. 85, which was a prosecution for criminal libel, the jury acquitted the defendant, and found that the prosecution was instituted without probable cause and from malicious motives.   On motion of the defendant, the part of the verdict was set aside that found want of probable cause and malicious motives, and a judgment for costs was rendered against Leavenworth county.   The state reserved the question of costs under § 283 of the criminal code, and appealed to this court.   This court says:

"In all prosecutions for libel, the jury have the right to determine, at their discretion, the law and the fact; and therefore the instructions of the court are not to bind the consciences of the jury, but only to inform their judgments. (Comp. Laws of 1879, p. 366, § 275.)   Under § 326 of the criminal code, the jury trying the case exercised the right permitted by the statute of stating in their finding the name of the prosecutor, and that the prosecution was instituted without probable cause and from malicious motives.   The court had no power to set aside the verdict in such a case, and it was equally powerless to set aside a part thereof.   Therefore, in the absence of such power, the order of the court was erroneous, and must be reversed."

Counsel for appellant criticise this decision, and very earnestly inquire "Why the trial court had no power to set aside a part of the verdict?"   The reason is an obvious one; it is because a statute of the state expressly gives the jury in such an action the right, power and discretion to determine the law and the fact for themselves.   Counsel attack this provision of the statute, and say it is unconstitutional and void, but they forget that within their memory the practice in criminal cases in almost all, if not all, of the states was for the jury to pass upon the law and the facts.   The force of another universal practice of courts everywhere ought to be adverted to, and that is, when a jury return a verdict of not guilty in a criminal case, the trial court has no power to set it aside, or modify it in any respect.   These findings against the prose-

cuting witness were a part of a verdict of a jury in a criminal case, wherein express power by statutory enactment is given a jury to determine both the law and the facts. The trial court has no power to interfere with that verdict in any prejudicial respect, and this court is as powerless as the court below.

II. The constitutionality of the other statute has been upheld by this court in the case of *In re Ebenhack*, 17 Kas. 618, decided many years ago.

III. It is not necessary for us to attempt a construction of §§ 252 and 326 of the criminal code, as there was no motion to re-tax the costs filed in the court below, and the record discloses no ruling on that question. It is true that there is a statement made by the clerk, attached to the record, long after its filing in this court, showing that the full amount of costs accruing in the case is $1,585.90, and of this it is said that $1,181 are the costs of prosecution and $404.90 of the defense; but we are governed by the record, and that recites a judgment for costs against the prosecuting witness of $1,053.40.

All that we can do in the present condition of the record, on the question of costs, is to recommend that the judgment for the amount of costs named therein be affirmed.

By the Court: It is so ordered.

All the Justices concurring.