THE STATE OF KANSAS V. HULDA ELLVIN, *as Administratrix of the estate of Nels Ellvin, deceased.*

1 CONVICTION — *Appeal — Death of Appellant — Review of Judgment for Costs.* A defendant appealed to the supreme court from a conviction for the unlawful sale of intoxicating liquors, where he obtained a stay of the execution of the judgment. Before the appeal was heard, the defendant died. *Held,* That the death of the defendant did not abate or destroy the judgment for costs, and that, upon the substitution of his legal representative, the court may review the errors assigned, and determine the regularity and validity of the judgment rendered for costs. (*The State v. Fisher*, 37 Kas. 404.)

2. PROHIBITORY LIQUOR LAW — *Affidavits — Information — Recognizance.* The sufficiency of affidavits taken before the county attorney, under the provisions of the prohibitory liquor law, and the verification of the information, become immaterial where the defendant voluntarily gives a recognizance and obtains a discharge from custody.

3. COSTS — *Motion to Retax.* Where the information contains several counts, and the trial thereon results in a conviction upon a single count, the defendant can only be held liable for the costs that arise

upon the trial of the charge upon which he was convicted. An objection to the improper assessment of costs is not available in this court unless a motion was made in the district court to retax the same.

4. CONTINUANCE, *Refused — No Abuse of Discretion.* Where the defendant, near the close of his trial for a misdemeanor, renders himself unable to attend the trial by the voluntary use of intoxicating liquors, and an application is made for a continuance of the trial upon that ground, a denial of the same will not be held to be fatal unless there is a clear abuse of discretion; and *held,* that, under the circumstances of this case, there was no abuse of discretion.

5. EVIDENCE, *Sustains Verdict.* The evidence examined, and *held* to be sufficient to sustain the verdict and judgment.

### Appeal from McPherson District Court.

AT the October term, 1892, *Nels Ellvin* was convicted of selling intoxicating liquors unlawfully; and the court adjudged that he should be imprisoned 45 days in the county jail, and pay a fine of $250 and the costs of the case. He appealed. On March 26, 1893, the appellant died. Counsel for the appellant moved for a dismissal of the action, but this court directed the record to be amended by making the administratrix of the estate of the deceased a party, in order that the liability of the estate for the costs of the prosecution might be determined. The opinion states the material facts.

*Milliken & Galle,* for appellant:

The affidavits used as a basis for the information were wholly insufficient in matter and form. It is fundamental that an information is fatally defective verified upon "information and belief" unless proper affidavits are filed according to the provisions of § 403 of crimes act (Gen. Stat. of 1889, ¶ 2543). *The State v. Gleason,* 32 Kas. 245.

These affidavits are dignified by the term "testimony." They are to be reduced to writing and signed, as in the taking of depositions. They are the bill of particulars to which the defendant must answer. *The State v. Whisner,* 35 Kas. 277.

Every ingredient of which the offense is composed must be accurately and clearly alleged. *United States v. Mills,* 7 Pet.

142; *United States v. Cook*, 17 Wall. 175; *United States v. Cruikshank*, 92 U. S. 557; Bill of Rights, § 10; Crim. Code, § 104. While these affidavits are not a part of the information, (*The State v. Clark*, 34 Kas. 289,) yet they are the "footing course" of the foundation, and the information is the superstructure, and without them it would be built upon sand.

There is no evidence to sustain the conviction upon the third sale to Ferguson. It cannot reasonably be contended that the testimony of Ferguson alone was sufficient to warrant a verdict of guilty. Yet it was supplemented by nothing else but the incompetent testimony admitted in evidence.

This court directed the record to be amended by making the administratrix of the estate of the deceased defendant a party, and continued the case, assigning it for hearing at the June session. The question presented is as to the effect of defendant's death upon this action. *Meese v. City of Fond du Lac*, 4 N. W. Rep. 408, 409. See, also, *United States v. De Goer*, 38 Fed. Rep. 80; *The State v. Volmer*, 6 Kas. 379; *City of Miltonvale v. Lanoue*, 35 id. 604; *Bird v. Gilbert*, 40 id. 469; *In re Simons*, 39 id. 125; *Boor v. Lowry*, 53 Am. Rep. 525; *Wade v. Kalbfleish*, 11 id. 250; *Zabriskie v. Smith*, 13 N. Y. 322.

Defendant excepted to the judgment of the court below in assessing all costs against him, and the record showed he should not be held liable for all. *In re Lowe*, 46 Kas. 255, does not apply. It would seem that the costs properly chargeable to the defendant, under the authority of ·*The State v. Brooks*, 33 Kas. 708, would be those only actually necessary to find him guilty under the "third sale to Ferguson." The record shows that as to that sale no witness testified except Ferguson himself, whose costs amount to but a small part of the entire sum. We think it clear that great error was thereby committed against the defendant, clearly warranting a reversal of the judgment.

During the progress of the trial, the defendant was taken sick and was unable to appear in court to testify or to direct

his counsel in his defense at any time thereafter. His counsel made application for a continuance until he could be present, but the court refused to grant it, and proceeded with his trial in his absence. He was therefore denied the privilege of testifying himself, and given no opportunity of disputing or explaining the testimony of Ferguson, and from an examination of Ferguson's testimony it is plain that no other witness than defendant himself could do so. "If the defendant is dead, admitted or proved to be insane, or is drunk, or from any other cause incapable of understanding the proceedings and making his defense, the trial cannot go on." 1 Bish. Cr. Proc., § 950, and cases cited. The circumstances entitled him to a continuance as a matter of right; but if not as a matter of right, at least shows that a refusal to grant it was an abuse of discretion, for which this court should afford relief.

*Chas. W. Webster,* county attorney, and *Grattan & Grattan,* for The State:

The defendant complains only of the affidavit of the witness Ferguson, and quotes the body of the affidavit in full. The verification of the affidavit is sufficient, for it shows that the witness was duly sworn, and that his testimony was reduced to writing and signed by such witness. An officer "has performed his duty when he enters the fact that the witness was duly sworn, and when that is done the presumption will be that the oath was correctly administered." *The State v. Baldwin,* 36 Kas. 1.

The defendant complains that the information is defective, for the reason that no reference is made therein to the affidavit. The law nowhere requires such reference to be made.

But further: The defendant has waived all right to complain of any supposed defects or irregularities in the affidavits, or of any irregularity in the issuance of the warrant, by voluntarily giving a recognizance, and being discharged from custody by reason thereof, before making any objection to the warrant or to the information. *The State v. Longton,* 35 Kas.

375; *The State v. Clark,* 34 id. 289; *The State v. Bjorkland,* 34 id. 377; *The State v. Stoffel,* 48 id. 365; *The State v. Tuchman,* 47 id. 726; *The State v. Ladenberger,* 44 id. 261.

"It makes no difference that the information was verified only upon the information and belief of the county attorney, for informations verified in that manner may be sufficient for every purpose, except merely for the purpose of issuing a warrant for the arrest of the defendant." *The State v. Clark,* 34 Kas. 289; *The State v. Montgomery,* 8 id. 351; *The State v. Blackman,* 32 id. 615; *The State v. Brooks,* 33 id. 708; *The State v. Whisner,* 35 id. 372.

As to the claim made by defendant that the evidence upon which he was convicted was insufficient: The trial judge found that there was sufficient evidence of a third sale to sustain a conviction therefor, and overruled defendant's motion for a new trial. "On a criminal appeal, when the record shows that the verdict of the jury is supported by some evidence and has received the approval of the trial judge, this court will not set it aside." *The State v. McLain,* 43 Kas. 439.

The election of the state as to the sales made to the witness Ferguson is sufficiently definite and certain, and comes within the rule laid down in *The State v. Crimmins,* 31 Kas. 376.

*The State v. Fisher,* 37 Kas. 404, holds that, when the defendant died in the penitentiary, the case is pending in this court as to the liability of his estate for the cost of prosecution, and affirmed the judgment because no errors were by the court committed against the rights of the defendant in his lifetime. Again, the right to the costs in this case are "vested rights." *In re Boyd,* 34 Kas. 570. The fine shall "be applied in the several counties in which the money is paid." Const., § 6, art. 6; *A. T. & S. F. Rld. Co. v. The State, ex rel.,* 22 Kas. 1. See, also, *The State v. McIntire,* 59 Am. Dec. 578; 1 Freem. Judg., 4th ed., §§ 217, 328, and notes; *Niel v. Comparet,* 79 Am. Dec. 411, and note; *Planters' Bank v. Calvit,* 41 id. 616, 619; *Bank of N. A. v. Wheeler,* 73 id. 687; *Faber v. Hovey,* 117 Mass. 108; *Stauffer v. Remick,* 37 Kas. 454; Crim. Code, §§ 210, 219.

Defendant claims that all costs ought not to be imposed on him. No motion was made to retax, and the court's attention was in no wise called to what the clerk had taxed. *In re Lowe,* 46 Kas. 255; *In re Gilson,* 34 id. 644.

The court did not abuse its discretion in refusing continuance to a man who was willingly drunk. It is not shown that the court abused its discretion. *Harlow v. Warren,* 38 Kas. 480, and cases cited.

The opinion of the court was delivered by

JOHNSTON, J.: On October 7, 1892, Nels Ellvin was convicted of the unlawful sale of intoxicating liquors, and the judgment of the court was 45 days imprisonment in the county jail, and that he should pay a fine of $250 and costs. He appealed to the supreme court, and obtained a stay of the execution of the judgment by giving bond as provided in § 287 of the criminal code. Before the appeal was heard, and on March 26, 1893, the appellant died. Counsel for the appellant filed a motion for dismissal, but, upon the suggestion of the death, the administratrix of the estate of the deceased was brought in as a party, in order that the liability of the estate for the costs of the prosecution might be determined. It is still insisted that no inquiry can be made, nor any action taken in the case, except to note the fact of abatement and make an order of dismissal. This question was presented to the court in the case of *The State v. Fisher,* 37 Kas. 404, where it was decided that the death of the defendant did not abate or destroy the judgment for costs. The judgment was stayed, and, in a certain sense, suspended by the appeal, but a dismissal of the same ordinarily leaves the judgment unimpaired and in full force. While the death of the appellant necessarily ends further prosecution and prevents a recovery of the fine imposed as punishment, it does not relieve his estate from liability for the costs which had passed into judgment during his lifetime. It has been determined that the costs adjudged against one convicted of crime do not constitute a part of the punishment

1. Conviction—
appeal—death
of appellant—
review of judgment for costs.

inflicted upon him, and this although the judgment may provide that he be imprisoned in the county jail until such costs are paid. It was further held that an unconditional pardon would not relieve the party from liability for costs adjudged against him. It was said that

"Such a judgment is merely a means of enforcing the legal obligation resting upon the defendant to pay the costs which he, by his original wrongful act and his subsequent acts, has caused to be made, and which have accrued in the prosecution subsequent to the act for which he is punished; and these costs have not accrued to the public merely, but have accrued to individuals, and are given to such individuals as compensation for their services performed in the prosecution; and the right of these costs, and the means for their collection, are vested rights, which cannot be disturbed or abridged or lessened by any pardon which the governor may grant." (*In re Boyd*, 34 Kas. 570.)

The costs, although incidental to the punishment inflicted, constitute a separate civil liability in favor of the parties to whom they are due, and from which the estate of the defendant cannot be relieved except by a reversal of the judgment. A review proceeds here at the instance of the administratrix, and for the benefit of the estate. In case of a reversal, of course no new trial can be had, and necessarily no further liability for costs can arise.

The first ground urged for a reversal of the judgment is, that the affidavits which were used as a basis for the information were informal and insufficient. The averments contained in the information sufficiently describe the offense, and it is verified by the county attorney upon information and belief; and the objection made to the affidavits, which were taken by and verified before the deputy county attorney and filed with the information, have become immaterial. After the arrest of the defendant upon the warrant, he voluntarily gave a recognizance and obtained a discharge from custody. This was done before any objection to the warrant or the information was made, and the defendant has thereby waived all right to complain of defects or irregularities in the affidavits and in the

2. Prohibitory liquor law—affidavits—information—recognizance.

issuance of the warrant. (*The State v. Bjorkland*, 34 Kas. 377; *The State v. Longton*, 35 id. 375; *The State v. Ladenberger*, 44 id. 261; *The State v. Tuchman*, 47 id. 726.)

It is next contended that the testimony is insufficient to sustain the conviction. The information contained 26 counts, all charging unlawful sales of liquors, except the last one, which charged the keeping of a nuisance. Although there was much testimony tending to show numerous unlawful sales by Ellvin, the jury found him guilty only upon the third count, of a sale to William Ferguson, and upon that count the state elected to rely for a conviction upon the third sale made to Ferguson. It was charged that the sales to Ferguson were made in 1891, and he testified to obtaining from 4 to 10 bottles of beer from Ellvin during the summer of that year. His testimony, although indefinite in some respects, shows that he purchased beer from the appellant, a bottle at a time; that there were three or more purchases, and that the price paid was 25 cents for each bottle. He was unable to state all the details and circumstances attending each sale that was made, but we think there was suffi-

5. Evidence, sustains verdict. cient testimony tending to show the sale to Ferguson relied on for conviction, and the finding of the jury thereon, sanctioned as it has been by the trial court, ends the controversy upon that point.

It is next urged, that the court erred in imposing all of the costs of the entire trial upon the defendant. It appears that some of the witnesses were called and the costs accrued in an attempt to sustain charges in the information which were subsequently dismissed, or upon which the defendant was found not guilty. The defendant can only

3. Costs—motion to retax. be held liable for the costs that arose upon the trial of the charge upon which he was convicted, and should not be required to pay costs accruing under the counts upon which he was acquitted. (*The State v. Brooks*, 33 Kas. 708.) This objection is not available at this time, for the reason that no motion was made in the district court to

retax the costs, nor any request made to separate those which he should recover from those which he should pay. (*In re Lowe*, 46 Kas. 255; *In re Gilson*, 34 id. 644.) As was said in the case last cited, "Doubtless upon a motion to retax the costs the court will correct the judgment."

The only matter left for consideration is, that the defendant was absent from the court during a portion of the trial. Near the end of the trial, the defendant became unfit to attend court by reason of the excessive use of intoxicating liquors, voluntarily taken by him, and an oral application for a continuance of the cause was made. An adjournment was taken for half of a day, when it was found that the defendant was still absent, owing to intoxication, or its effects. The court then concluded to proceed with the trial, and denied the adjournment. The presence of the defendant at a trial for misdemeanor is not indispensable. (Crim. Code, § 207; *The State v. Baxter*, 41 Kas. 516.) In this case the defendant was

4. Continuance, refused—no abuse of discretion.

personally present when the judgment of the court was pronounced. In view of the voluntary disability of defendant and other circumstances, we cannot say that there was an abuse of discretion in denying the application.

We see no grounds which would justify a reversal, and hence the judgment for costs must stand.

All the Justices concurring.