## GREEN *v.* THE STATE.

1. When a prosecutor is required by rule to show cause why he should not be compelled to pay the costs of a criminal case, because of a return by the grand jury of " no bill, malicious prosecution " upon a bill of indictment, it is not competent for him to show by evidence that such return was not well founded in fact.
2. The court may in such a case enforce the payment of the costs by ordering the prosecutor to be imprisoned until the same shall have been paid.

Submitted October 18, — Decided October 29, 1900.

Rule. Before Judge Fite. Gordon superior court. September 8, 1900.

*Harkins & Dodd*, for plaintiff in error.
*S. P. Maddox, solicitor-general*, contra.

LEWIS, J. At the August term, 1900, of the superior court of Gordon county, there was drawn up and presented to the grand jury of said county a bill in the name of The State *v.* J. F. Southerland, in which the defendant was charged with simple larceny. T. C. Green appeared as prosecutor on the bill. The grand jury returned "no bill" and a "malicious prosecution." Upon such return being made to the court by the grand jury, Green was arrested and brought before his honor A. W. Fite, judge of said court, who had issued a rule against him as follows: "It being made to appear to the court that in the case of The State *v.* J. F. Southerland that T. C. Green is marked as the prosecutor on said bill, and that the grand jury considering said bill return no bill and a malicious prosecution, it is ordered by the court that the sheriff of Gordon county arrest the said T. C. Green instanter, and bring him before the court to show cause why he should not pay the cost in said case. If this cause is not heard during the term of the court, let the defendant give bond in the sum of fifty dollars for his appearance at the next term of the court, and in the event he fails to give bond, let him be committed to jail." Upon being brought before the court by the sheriff under arrest by virtue of said rule, Green offered to show to the court, by competent witnesses then present, that in the trial of a possessory warrant, in a certain district in the county, in which he, Green, was plaintiff, and Southerland, was defendant, he had proved that Southerland was guilty of simple larceny, as alleged in the copy of the "no bill" attached to respondent's answer, and that respondent was then ready to show to the court by the same witnesses who testified in the possessory-warrant case that Southerland was guilty as charged, and that his prosecution before the grand jury was not malicious. The court refused to allow the prosecutor to introduce any evidence before him, or to make any defense whatever; but issued an order that the defendant be taken charge of by the sheriff, and that he be confined in jail until the costs were paid. In the bill of exceptions error is assigned on the refusal of the court to allow plaintiff in

error to respond to the rule nisi, and to show cause, and the refusal of the court to hear any evidence at all in behalf of the defendant. He also excepts to the order or judgment committing him to jail.

This proceeding against the prosecutor for the costs was instituted by the court under the provisions of Penal Code, § 1082, in which it is declared: "The prosecutor's name shall be endorsed on every indictment, and he shall be compelled to pay all costs and jail fees, upon the acquittal or discharge of the person accused — 1. When the grand jury, by their foreman, on returning "no bill," express it as their opinion that the prosecution was unfounded or malicious. 2. When a jury on the trial of the prosecution finds it to be malicious. 3. When the prosecution is abandoned before trial. When it is thus abandoned, the officer who issued the warrant shall enter a judgment against the prosecutor for all the costs, and enforce it by an execution in the name of the State, or by an attachment for contempt." Counsel for plaintiff in error contends that the provision of the law above cited gives no authority for the arrest or imprisonment of a prosecutor against whom a malicious prosecution has been found by the grand jury on an indictment, because of his failure to pay the costs under order of court; and further contends that the remedy for the collection of the costs is not by imprisonment or arrest, but by issuing a fi. fa. for the same. There is nothing in the section quoted, or any other law to which our attention has been directed, which authorizes the court to enter up a judgment for the costs in a criminal case upon the finding of a malicious prosecution by the grand jury on an indictment. The only instance in which such a fi. fa. may issue is mentioned in the third division of that section, when the prosecution is abandoned before trial. It is there provided that the officer who issued the warrant shall enter a judgment against the prosecutor for all the costs, and enforce it either by execution in the name of the State, or by an attachment for contempt. We do not think the statute, as embodied in the code, provides for the issuing of any such execution at all when the malicious prosecution is found either by the grand jury or the traverse jury on the trial of the case. But that provision in the section which declares "he shall be *compelled* to pay all costs and jail fees" does apply to such a case where a malicious prosecution is found by a jury. *Compelled* how? While the statute does not say it, yet we think it an improper use of the

word to apply it to the issuing and levying of a fi. fa. for the pur-
pose of enforcing the payment of the obligation. Unquestionably
the judge of the superior court has a right and power to enforce the
finding of the grand jury simply by his order. If it was the inten-
tion of the legislature that he could enforce it only by having a fi.
fa. issued, then the statute would have made provision accordingly,
by stating that, after the finding by the jury of a malicious prose-
cution, the judge should enter up a judgment therefor, and have a
fi. fa. issued thereon against the prosecutor. But the word "com-
pelled" is too harsh a term to apply to such a civil process as the
entry of a judgment, or the issuing of a fi. fa. We therefore think
that the judge not only has the power to issue the order or rule
nisi calling upon him to show cause why he should not pay the
costs, but, in case of his failure to give a legal answer thereto, has
the right to attach him for contempt until the costs are paid. All
that plaintiff in error offered to show in this case was, that he had
witnesses prepared to testify that his prosecution was not malicious
before the grand jury, but that the accused named in the indictment
had actually been guilty of the crime charged. The statute, how-
ever, makes no provision whatever for his going behind the finding
of a jury on such subject, either the grand or traverse jury. In
the case of *Jacobs* v. *State*, 20 *Ga.* 839, it was decided that "If the
petit jury return a verdict of 'not guilty,' and express it as their
opinion that the prosecution is malicious, it is not in the power of
the court to relieve the prosecutor from the payment of the costs."
That is a very strong case, in that it is inferable from the recital
of facts therein that the jury probably made a mistake in finding
the prosecution malicious, on account of an error made by the judge
of the trial court in his construction of the law under which the
person was prosecuted; and yet this court decided that there was
no remedy to go behind the action of the jury. Now, the law does
not impose upon the petit jury any greater jurisdiction or power
in such a matter of finding a malicious prosecution than it does
upon the grand jury. It evidently follows, then, that the finding
by the grand jury of "no bill" and a "malicious prosecution" is
conclusive, and the respondent can not go behind this finding and
show that his prosecution was well founded. It also follows that
if the judge has the power to order the costs paid peremptorily,
which seems to be the plain meaning of the statute, he can enforce

obedience to that order by an attachment for contempt and by imprisonment.

It is contended by counsel for plaintiff in error that this method of enforcing such an obligation against a party in court is unconstitutional, being tantamount to an imprisonment for debt. It will be noted, however, in the present case, in the first place, that the respondent, in answer to the rule nisi served, did not avail himself of the defense that he had no means with which to pay the costs, even if such an answer would have been a legal reply setting up a valid defense to the rule. But the payment of the costs in such a case we do not think could be regarded as a debt for which the constitution declares there shall be no imprisonment, but rather a penalty for the manifest violation of the rights and liberty of others. We can conceive of a case where this rule of law would operate with great hardship upon a person in good faith undertaking a criminal prosecution of another. That seems to have been a hardship on the defendant in the case above cited in the 20th *Ga.*; but if there be any evil in the law as it now stands, the remedy is not with the courts, but with the lawmaking power of the State.          *Judgment affirmed.   All the Justices concurring.*