THE STATE OF KANSAS, *Appellant,* v. JAMES LYON, *as Complaining Witness, etc., Appellee.*

No. 16,731.

SYLLABUS BY THE COURT.

PRACTICE, DISTRICT COURT—*Power to Set Aside Special Findings in Criminal Action—Malice—Probable Cause—Costs.* An accused was tried before a justice of the peace and convicted of a misdemeanor. He appealed to the district court, where the case was tried to a jury. The jury returned a verdict of not guilty, and found that the prosecution was malicious and without probable cause, and stated the name of the prosecutor. On the motion of the prosecutor the court set aside the

The State v. Lyon.

findings and rendered judgment against the state for costs. *Held,* not error.

Appeal from Jackson district court. Opinion filed July 9, 1910. Affirmed.

*Fred S. Jackson,* attorney-general, and *M. A. Bender,* county attorney, for the appellant.

*Guy L. Hursh,* and *Charles Hayden,* for the appellee.

The opinion of the court was delivered by

SMITH, J.: One John McAllister, on the complaint of the appellee, was arrested and tried before a justice of the peace of Jackson county on the charge of assault and battery. In such trial he was found guilty, and appealed to the district court. In the latter court he was tried to a jury, which returned a verdict of not guilty, and also returned a separate verdict finding that the prosecution had been instituted without probable cause and from malicious motives by the appellee. On the motion of the appellee the district court set aside this second verdict, or finding, and adjudged the costs of the prosecution against the state. To this ruling proper exceptions were taken, and the question was reserved for appeal to this court.

It is contended by the state that the court had no power or legal right to set aside the finding of the jury, and the following cases are cited as authority for this contention: *The State v. Zimmerman,* 31 Kan. 85, *The State v. Forney,* 31 Kan. 635, and *In re Lowe, Appellant,* 46 Kan. 255. The Zimmerman and Lowe cases were each prosecutions for criminal libel, in which, by express provision of statute, the jury are made the judges of the law and the fact. The decisions in those cases were expressly based upon this provision of the statute, and it was held that in such a case the court has no power to set aside such a finding by the jury. The Forney case is not in point. It was therein simply held that when the jury find a defendant in a criminal

action not guilty, and find that the prosecution was instituted without probable cause and from malicious motives, the court is empowered to render a judgment against the prosecuting witness for costs.

The pertinent provision of statute is section 326 of the criminal code, which reads:

"Whenever it shall appear to the court or jury trying the case that the prosecution has been instituted without probable cause and from malicious motives, the name of the prosecutor shall be ascertained, and stated in the finding; and such prosecutor shall be adjudged to pay the costs, and may be committed to the county jail until the same are paid or secured to be paid."

The clause "whenever it shall appear to the court or jury trying the case" evidently was used to make the provision applicable to such cases as may be tried to the court without a jury and also to cases tried to a jury, and not for the purpose of making the finding of the jury more conclusive than other findings by a jury. Had it been intended to devest the courts of their usual control over, and responsibility for, the findings of juries, language would undoubtedly have been used which would clearly indicate such legislative intent. Findings of juries are not usually effective until sanctioned by the court, and it is generally within the province of the court to set them aside. This general rule should not be abrogated by construction.

A verdict of acquittal could not be set aside to any purpose, by reason of the provisions of section 10 of the bill of rights and section 2798 of the General Statutes of 1909 (Gen. Stat. 1868, ch. 31, § 298). Because of the constitutional and statutory rule forbidding a second jeopardy, the defendant in a criminal case is entitled to a final discharge upon a finding of not guilty. Subject to this exception, the verdict of a jury is without effect until it has been approved by the trial judge. In *Capital Traction Company v. Hof*, 174 U. S. 1, it was said:

" 'Trial by jury,' in the primary and usual sense of

The State v. Lyon.

the term at the common law and in the American constitutions, is not merely a trial by a jury of twelve men
before an officer vested with authority to cause them to
be summoned and empanelled, to administer oaths to
them and to the constable in charge, and to enter judgment and issue execution on their verdict; but it is a
trial by a jury of twelve men, in the presence and under the superintendence of a judge empowered to instruct them on the law and to advise them on the facts,
and (except on acquittal of a criminal charge) to set
aside their verdict if in his opinion it is against the
law or the evidence."   (p. 13.)

Even under a system permitting the jury to decide
the law as well as the facts in criminal cases it has been
held that a finding against the prosecutor can be set
aside, notwithstanding the statute makes no express
provision therefor, the court saying:

"A decision of a jury, contrary to the direction of the
court, and not subject to its revision, is not a *verdict*.
The jury have the power to name the prosecutor; but
if they name one against whom there is not a particle
of evidence, one who was not the prosecutor, and who
had no notice whatever of the proceedings, the injustice
would be so monstrous that it seems impossible to doubt
in regard to the power and the duty of the court to
grant redress.   So, if the jury should name as prosecutor the justice who issued the warrant, the constable
who executed it, or the district attorney who sent up
the indictment and prosecuted it, without any other
evidence against them except proof of the performance
of their official duties, the demand for a prompt and
efficient remedy would be equally imperative.   No man
can suppose for a moment that the legislature intended
to place it in the power of the jury to impose severe
penalties upon public officers for the faithful performance of their duties."   (*Guffy v. The Commonwealth,*
2 Grant's Cases [Pa.] 66, 68.)

The case of *Jacobs v. The State,* 20 Ga. 839, has a
contrary tendency, but the decision seems to have been
influenced by the peculiar language of the statute.

What is called the second verdict is simply findings
of fact, and we know of no reason why the court can

not set them aside; and in the absence of any limi-. tation upon the power of. the court with reference. thereto it seems that the general rule should apply, and that the court has power to set such findings aside.

The judgment is affirmed.