Luckert, J.,
dissenting: Given the majority’s sua sponte consideration of whether a criminal defendant’s death abates issues in the defendant’s direct appeal rather than following the past practice of fully considering all issues raised by a defendant before his or her death, I write to express my disagreement with past decisions and the course adopted by the majority in this case.
As the majority has explained, this court has ruled that “the death of a defendant does not abate his direct appeal as it is in tire interest of the public that the issues raised on appeal be adjudicated upon the merits.” State v. Burnison, 247 Kan. 19, 32, 795 P.2d 32 (1990). These cases ignore the reality that without the defendant there is no one to pursue tire appeal.
*473 In other states that consider the merits of an appeal even after the defendant’s death, a substituted party carries the burden of establishing the defendant’s conviction should be reversed. See, e.g., Surland v. State, 392 Md. 17, 36, 895 A.2d 1034 (2006) (Allowing the appeal to proceed “preserves both the presumptive validity of the judgment and the ability of the defendant, through a substituted party appointed for his or her benefit, to maintain the defendant’s challenge to it.”); Bevel v. Commonwealth, 282 Va. 468, 479, 717 S.E.2d 789 (2011) (At common law, “an attainder of felony would not be affected by the death of the defendant” and “his executor or heirs could pursue a writ of error in his stead.”); State v. Webb, 167 Wash. 2d 470, 478, 219 P.3d 695 (2009) (“If the substituted party appellant is successful. . . then, because remand for a retrial is impossible, the conviction and all associated financial obligations must be abated.”).
Likewise, early Kansas cases involved a substituted party. State v. Ellvin, 51 Kan. 784, 790, 33 P. 547 (1893) (“[C]osts, although incidental to the punishment inflicted, constitute a separate civil liability in favor of the parties to whom they are due, and from which the estate of the defendant cannot be relieved except by a reversal of the judgment. A review proceeds here at the instance of the administratrix, and for the benefit of the estate. In case of a reversal, of course no new trial can be had, and necessarily no further liability for costs can arise.”); State v. Fisher, 37 Kan. 404, 405, 15 P. 606 (1887) (estate administrator substituted for criminal defendant).
More recent Kansas cases have not discussed the need for a substituted party and ignore the reality that Kansas statutes do not provide a criminal procedure for substituting a party in a criminal defendant’s appeal. The Burnison court, by reasoning that the public has an interest in the appeal, essentially treated the State as the appellant and the party with the ability to ensure the continuation of an appeal. Obviously, however, Hollister is the appellant and, if alive, tire one who would control whether an appeal proceeded. Hollister's death leaves no one as the appellant and his attorney without a client. His death does not transform the State—as a representative of the public—-into an appellant.
*474 The lack of a criminal procedure to facilitate the continuation of an appeal is a procedural obstacle to the path pursued by the majority. Thus, while I agree the appeal must be dismissed, I would dismiss the entire appeal because of this procedural defect.
In addition, rather than let the conviction stand without full appellate review, I would follow the lead of the federal courts and most other courts and apply the doctrine of abatement ab initio. The right to appeal is an integral part of the judicial process, and only with the completion of an appeal is there a final adjudication of guilt or innocence. “[A] defendant who dies pending appeal should not be deprived of the safeguards that an appeal provides.” State v. McDonald, 144 Wis. 2d 531, 536, 424 N.W.2d 411 (1988). This case illustrates the validity of this approach. The evidence against Hollister is not strong, which raises a strong possibility that any error would necessitate a remand. Despite this, the majority’s position leaves Hollister’s conviction in place and deprives eveiy-one, including the public, of the safeguards of the appellate process.
Moritz, J., not participating.