## Case No. 15,389.

### UNITED STATES v. HORN.

[5 Blatchf. 102.] [1]

Circuit Court, S. D. New York. Nov. 10. 1862.

CRIMINAL LAW—NEW TRIAL—IRREGULARITIES OF JURY—COMPETENCY OF WITNESSES —ACCOMPLICES.

1. A jury, on the trial of an indictment, after they had retired to consider their verdict, were, at their request, furnished by the officer in charge of them, with several directories of the city of New York. This fact was made known to the court before the verdict, which was one of conviction, was rendered, and they were then recalled and directed by the court to wholly disregard, in coming to a result, any information they might have obtained from the books. and it did not appear that the irregularity operated in any way to the disadvantage of the prisoner: *Held.* that such irregularity was not sufficient ground for granting a new trial.

2. Where an accomplice with the defendant in an indictment, is examined as a witness for the prosecution, his wife, not being an accomplice herself, is a competent witness to prove any independent facts not sworn to by her husband, and not forming any part of his acts, although those facts fasten a guilty knowledge on the defendant.

This was an indictment [against Albert Horn] for fitting out and sending away a vessel, with intent that she should be employed in the slave trade. At the trial, the defendant was found guilty, and he now moved for a new trial.

E. Delafield Smith, U. S. Dist. Atty.
James T. Brady, for defendant.

SHIPMAN, District Judge. It is alleged, in support of this motion, that, after the case was submitted to the jury and they had retired to their room, they applied to the officer in charge of them to furnish them with several directories of the city of New York, and that the officer complied with this request; and it is alleged that this irregularity is sufficient to avoid the verdict and entitle the prisoner to a new trial. We have already stated that this was a highly improper act of the officer. For it he has received the pointed censure of the court. But nothing appears before us to show that this irregularity operated, in any way, to the disadvantage of the prisoner. Without determining the general question, how far affidavits of jurors can be read for the purpose of disturbing their verdict, or whether they can be read at all for that purpose, we do not think the one offered presents any facts calling for the court to set aside this verdict, especially in view of the fact that the circumstance of the books having gone to the jury was made known to the court before they had come into court with their verdict, and that they were then recalled and directed by the court to retire to their room and banish from their minds any information they might have obtained from the books, and to wholly disregard any such information, in coming to whatever result they might reach.

The second ground upon which the motion for a new trial rests, is founded upon alleged error in the charge to the jury, touching the weight to be given to the testimony of Mrs. Crawford. the wife of one of the witnesses for the government. Crawford. the husband, was confessedly an accomplice. and the jury were instructed that it was not safe to convict upon the uncorroborated testimony of accomplices alone. The defendant contend-

---

[1] [Reported by Hon Samuel Blatchford. District Judge, and here reprinted by permission.]

ed, upon the authority of the case of Rex v. Neal, 7 Car. & P. 168, that the wife's testimony was not competent in law to confirm the statements of her husband. The court charged the jury on this point as follows: "Mrs. Crawford is not, upon the evidence before us. an accomplice, and, so far as she testifies to facts not testified to by her husband. her statements must rest upon her personal credibility, subject to any inconsistency in, or contradiction of, her story. Although she cannot. in law, as the wife of an accomplice, corroborate and strengthen his particular statements, she is a competent witness, if believed by the jury, to prove any independent facts not sworn to by her husband, and not forming any part of his acts, although those facts, if believed by the jury, fasten a guilty knowledge on the defendant." We think the rule here laid down is sufficiently favorable to the defendant. Whether we should, upon full deliberation, affirm the doctrine laid down in the case of Rex v. Neal, we are not prepared to say. But, assuming it, for the purpose of this case, to be correct, we have no hesitation in affirming the particular instructions that were given to the jury in the present case. in connection with that doctrine.

The motion is overruled, upon both grounds.