## THE STATE OF KANSAS v. E. A. TAYLOR.

1. ASSAULT; *Pointing Loaded Pistol.* If one deliberately points and cocks a loaded pistol at another, who is a mere trespasser upon his lands, within a distance which the pistol will carry, and compels such trespasser, through fear of personal violence from the deadly weapon aimed at him, to leave the premises, he is guilty of an assault.

2. JURY; *Unauthorized Paper, in Jury-Room.* If the jury, in a criminal prosecution, carry with them on retiring to consider of their verdict a paper having writing thereon, which is folded accidentally with the instructions in the case, and it is not shown that such unauthorized and detached paper has produced any improper influence on the jury, nor is it apparent from its contents that it could have influenced the finding of the jury, nor prejudiced the rights of the defendant, it is not error for the district court to overrule a motion for a new trial based upon the reception and perusal of such paper by the jury.

*Appeal from Mitchell District Court.*

TAYLOR was convicted of an assault, at the March Term 1878, and sentenced to pay a fine of five dollars, and costs, and he brings the record here for review.

*Horace Cooper*, for appellant.
*Levi Cooper*, for The State.

The opinion of the court was delivered by

HORTON, C. J.: This was a prosecution for an assault. The defense was, that appellant did the acts complained of to compel the prosecuting witness to leave certain premises, which were in his charge, and over which the witness was driving with a team and wagon. On the part of the prosecution, it was shown that appellant drew a loaded pistol from his pocket, cocked and pointed it at the witness, within a foot-and-a-half of him; that the pistol was thus held by appellant in his right hand until witness withdrew from the premises on which he was trespassing. On the part of the appellant it was shown, that the witness refused at first to leave the premises when so ordered, and when appellant attempted to remove him by force the witness acted defiantly, and attempted to kick appellant; that he did not obey the orders of appellant until after the pistol was drawn and exhibited. On the part of the defense the court was asked to instruct the jury, that—

"The pointing of a pistol at a trespasser, by one having lawful authority to eject the trespasser, who is acting in a defiant manner, and assumes a threatening attitude when an attempt is made to eject him by force from premises which he refuses to leave when requested, does not constitute an assault, if the pointing of a pistol creates no other fear in the mind of the trespasser than that he will be in danger of bodily injury if he resists by force the attempt to eject him."

The court refused the request, but charged the jury as follows:

"A person having charge of premises, and having authority

of preventing persons from trespassing thereon, can, after first requesting the trespasser to leave the premises, and a refusal to do so on his part, use such force as is necessary to remove the trespasser; and if the trespasser use force in resisting the person in charge of the premises, then such person may use force sufficient to overcome the force used by the trespasser. On the other hand, if the defendant drew a loaded pistol, and presented the same to the prosecuting witness in such a manner as to create a reasonable apprehension of immediate danger in the mind of the said witness, the defendant is guilty of the assault charged, if the apprehension of danger arose from a reasonable cause, and the circumstances were such as to induce fear of immediate danger."

No error is manifest in this instruction. The instruction refused was not a correct exposition of the law, and that given not prejudicial to the rights of the appellant. If one deliberately kills another with a deadly weapon, in order to prevent a mere trespass on his property, it is a felony. So, if one offers to strike with a deadly weapon, although he announces his purpose not to finish the act, and commit the homicide if his terms are instantly complied with, (although the terms be such as he has a right to exact, and enforce by the *molliter manus imposuit,*) he is guilty of an assault. The putting in use of a deadly weapon, shows a wanton disregard of human life. Bishop says:

"When the force is such that in no emergency can its use possibly become lawful, an attempt to use it must be unlawful—an unlawful attempt. For example, as no man has a right to defend his property, not speaking here of his castle, by destroying the life of a human being, any exhibition of loaded fire-arms, or other like force, with the intent to employ this force in such defense if the emergency should arise, would be an indictable attempt to commit a felonious homicide, in a case where the party making the aggression on the property was thereby frightened away." (Crim. Law, vol. 2, § 597.)

The refusal of the prosecuting witness to leave the premises over which he was driving, did not authorize the appellant to kill him; and the pointing of the loaded pistol at him under the circumstances, amounted to an assault. The act was not justifiable.

The jury on their retirement to consider of their verdict, were permitted, without objection, to take with them the charge of the court. By mistake, a paper was folded in the instructions which contained the following words in writing:

"A slightest laying on of hands, if not justifiable, is an assault. The court instructs the jury, that they are the exclusive judges of the testimony in this case, and are also the exclusive judges of the amount of force that the defendant might ————."

The jury received this unauthorized paper into their jury room. It was not shown that the paper was read by any juror, but as it was returned by the foreman, with the other papers taken by them to be read, we assume it was examined and read. Was this such an irregularity as to avoid the verdict, and require a new trial? We think not. It is true, sec. 275 of the criminal code provides, that "the court may grant a new trial, when the jury has received any evidence, papers, or documents not authorized by the court." But the section must be liberally construed. Papers handed to and carried out by a jury, containing matter irrelevant or immaterial, so as to make it improbable it could affect the merits of the action, will not necessarily avoid a verdict. Unless the writing could have in some way resulted to the prejudice of the appellant, no error was committed in refusing the new trial. The only complete sentence on the paper, stated a sound proposition of law. The other words, so far as they go, were correct, and seemed to have been copied from the charge of the court. We cannot perceive anything contained in the paper detrimental to the rights of the appellant, and therefore do not think the irregularity was of a character to demand a reversal of the judgment.

The judgment of the district court will be affirmed.

All the Justices concurring.