## THE STATE OF KANSAS v. HIRAM LANTZ.

1. JURY; *Unauthorized Atlas in Jury Room; Error.*    After the jury in a case of felony retired to consider their verdict, the bailiff, by request of a juror, and without the authority of the court, passed into the jury room an atlas of the county where the crime was alleged to have been committed.    During the deliberations of the jury, the atlas was spread out before the jurors, and examined by them.    No showing was made by the prosecution that the rights of the defendant were not prejudiced thereby.    *Held,* That the refusal of the trial court to grant a new trial was error.

2. ———— In the case of *The State v. Taylor*, 20 Kas. 646, the word "libally" has been interpolated without authority.    In the original opinion, "reasonably" appears where "liberally" is reported.

### *Appeal from Miami District Court.*

AT the February Term, 1880, of the district court, *Hiram Lantz* was charged with, tried for and convicted of the crimes of burglary in the second degree and grand larceny.    From

such conviction he now appeals to this court.  The facts are sufficiently stated in the opinion.

*W. H. Browne*, for appellant, cited: §237 of the criminal code; *People v. Knapp*, (Sup. Ct. Mich.,) vol. 10 Cent. L. J., p. 106; *Cole v. Swan*, 4 Greene (Iowa), 32; *The State v. Mulkins*, 18 Kas. 16.

*W. T. Johnston*, county attorney, for The State:

The opinion of Judge Cooley, in the recent case of *People v. Knapp*, and the opinions of this court, in *The State v. Snyder*, 20 Kas. 306, and *The State v. Brown*, 22 Kas. 222, are not applicable to the facts of this case.

The appellant is not entitled to a new trial, unless he shows that the atlas was used as evidence before the jury while deliberating on their verdict, to his prejudice. (*The State v. Taylor*, 20 Kas. 643.)

The opinion of the court was delivered by

HORTON, C. J.: After the jury had retired to consider their verdict, the bailiff went to the jury room in response to a knock upon the door, and by the request of a juror passed into the jury room a Miami county atlas.  During the deliberations of the jury, the atlas or map was spread out before the jurors and examined by them.  The officer had no right to furnish the atlas to the jurors, and the jurors had no right to examine it while deliberating upon their verdict.  It was evidence, or at least a document or papers, not authorized by the court.  The act of the officer was irregular, and the reception of the map by the jurors illegal.

Counsel for the state insists that there is no showing made that the atlas produced any improper influence on the jury. The burden of proving that the rights of the defendant were not prejudiced rests in a case like this upon the prosecution. Here the state failed.  Several affidavits were presented to establish the fact that the bailiff was not present with the jurors during their deliberations, but no denial was made, or

any explanation given of the examination of the atlas in the jury room. In the case of *The State v. Taylor*, 20 Kas. 643, we held the paper taken to the jury room by mistake, not detrimental to the rights of appellant. The paper was preserved in the record, and it affirmatively appeared from an examination, that no injury resulted to the defendant. We cannot say this of the atlas. It may have been examined to determine the situation of the dwelling-house charged to have been burglariously entered, or it may have been consulted as testimony on other matters. Clearly, we cannot affirm that the defendant was not prejudiced. (Sec. 275 Criminal Code, Comp. Laws 1879, p. 763; *The State v. Mulkins*, 18 Kas. 16; *The State v. Snyder*, 20 Kas. 306.) In this connection, we deem it necessary to correct the opinion as reported in *The State v. Taylor*, supra. "Liberally," on page 646, is an interpolation of the printer. "Reasonably" is the word in the opinion.

The refusal to grant a new trial was error. It is therefore ordered, that the verdict of the jury and the judgment of the court be set aside, and the case remanded for a new trial.

It is further directed, that the defendant be returned from the state penitentiary and delivered over to the jailer of Miami county, there to abide the order of the district court of said county.

All the Justices concurring.