THE STATE OF KANSAS v. J. M. FISHER, *as Administrator of the estate of R. D. Parker, deceased.*

INFORMATION, *Not Quashed; Election, not Compelled; No Error.* Where an information, charging a defendant with an attempt to kill K. and O. by having D. shoot off a loaded revolver through a window into a room where they were sleeping, contains two counts, the first averring the attempt to kill K. and the second the attempt to kill O., and after conviction upon both counts the defendant was sentenced upon the first only, and a *nolle prosequi* was entered as to the second, *held,* that the trial court committed no error prejudicial to the substantial rights of the defendant in refusing to quash the information

or compel an election, as the matters charged in the information arose out of the same transaction, and as the proof on both counts was precisely the same, and as no evidence was admitted to sustain the second count, not pertinent to the first.

*Appeal from Mitchell District Court.*

ON November 10, 1886, R. D. Parker died, in the penitentiary, to which he had been sentenced for attempting to kill his wife. This case is in this court to determine the liability of Parker's estate for the costs of the prosecution. The opinion contains a sufficient statement of the facts.

*Burton & Moore,* and *R. F. Thompson,* for appellant.

*S. B. Bradford,* attorney general, and *A. H. Ellis,* for The State.

The opinion of the court was delivered by

HORTON, C. J.: On May 8, 1886, R. D. Parker was convicted and sentenced to the penitentiary of the state at hard labor for the term of ten years, for attempting to commit the offense of killing his wife, Kate Parker. On November 10, 1886, he died, in the penitentiary. This case is pending in this court as to the liability of his estate for the costs of the prosecution.

The information filed in the case contains two counts, the first averring the attempt to commit the offense of killing Mrs. Kate Parker, and the second the attempt to commit the offense of killing her daughter, Ollie Flenner. Upon the trial, the defendant was found guilty on both counts. Sentence, however, was pronounced against the defendant upon only the first count of the information, and the second count thereof, at the instance of the county attorney, was dismissed.

Upon the trial, Frank Dunn testified on the part of the prosecution in substance that on the 2d day of March, 1886, in Abilene, Dickinson county, the defendant agreed to pay him twenty-four dollars to go to Beloit and fire five shots from a revolver into a window in a house in that city, and that defendant showed him a diagram which located the

house, and explained, by means of a window in the vicinity of the place where they were standing, just how he wanted the pistol held and the shots fired; that at the time of this conversation he told defendant he would do the shooting, and that defendant gave him the diagram and showed him the revolver he was to use, and that he and defendant on the same evening went to the city of Beloit on the train, arriving about seven o'clock P. M.; that upon such arrival the defendant gave him the revolver and showed him the house and the window; and that he did some shooting in front of the windows.

Mrs. Kate Parker testified that she was the wife of defendant, and that Ollie Flenner, the girl named in the second count of the information, was her daughter, aged seven years; that she was married to defendant in May, 1885, and lived with him until October of that year, when they separated; that at the time she married defendant she and Ollie had real estate in Beloit, of the value of about seven thousand dollars, which they had inherited from her deceased husband, George Flenner; that while defendant lived with her he wanted to control this property, and that they had trouble about such property a number of times; that defendant charged her with being criminally intimate with Dr. Guibor and other men, and with committing an abortion in his absence; that on the night of March 2, 1886, she and Ollie were sleeping in a bed in front of the window which Dunn said he was to shoot into, and in front of which he did shoot three shots from a revolving pistol given him by Parker.

The contention is, that two distinct felonies were charged in the information, and therefore that the trial court committed errors in not quashing the information or compelling an election thereon. In our view of the case, it is not necessary to decide whether separate and distinct offenses were charged in the information. It is said, however, in Bishop's Criminal Practice, volume 1, § 437, "that a count in an indictment charging a man with one endeavor to procure the commission of two offenses, is not bad for duplicity, because the endeavor

is the offense charged." If this rule applies, Parker committed but one attempt, although the act of the agent he selected might have resulted in the death of both Mrs. Parker and her daughter, if the agent had carried out the orders given.

An information may be *nol. pros.* after a conviction and before judgment. In this case the second count of the information was *nol. pros.* by the county attorney before judgment; thereby leaving the defendant punishable for the offense charged in the first count only. (31 Me. 592; *Commonwealth v. Tuck,* 20 Pick. 356.)

One argument which lies against duplicity in a criminal pleading is, that it subjects the defendant to inconvenience and danger by requiring him to prepare himself to meet several charges at the same time. Another is, that the prosecution in a criminal case ought not to have the advantage of proving to the jury several acts entirely disconnected with each other, but each tending to prove the defendant guilty of a separate offense, and thereby creating in the minds of a jury the conviction that the accused is a bad man generally and likely to be guilty. Therefore, in a case of felony it is the rule that where the information or indictment charges several entirely distinct felonies, the court will either quash or compel the prosecutor to elect. But in this case, even if two offenses are charged in the information, yet as they spring out of the same transaction, and as the proof on both counts was precisely the same, no injury could possibly have accrued to the defendant. (*The People v. McKinney,* 10 Mich. 54.) No evidence was admitted to sustain the second count of the information not pertinent to the allegations of the first count. "On an appeal, the court must give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties." (Crim. Code, § 293.)

The defendant was not prejudiced by the refusal of the court to instruct the jury further on the question of venue. The instructions given sufficiently covered that matter. If the defendant was guilty of the attempt to kill his wife, he committed that offense in Mitchell county. The evidence fully

sustains this. It is true that the defendant employed Frank Dunn, at Abilene, to do the shooting at Beloit, and there exhibited to him a diagram so that he could locate the dwelling at Beloit into the window of which he was to fire. But the defendant followed up his solicitation and employment of Dunn by going with him to Beloit, in Mitchell county; by paying his railroad fare from Abilene to Beloit; by giving to Dunn at Beloit a loaded revolver with which to do the shooting; by pointing out the house into which the shooting was to be done; by paying Dunn twenty dollars after the shooting; and by directing him how to escape from Mitchell county, after he had been informed by Dunn that he had done the shooting as directed, and that his wife and daughter were hurt.

There are other errors relied upon, but after a careful examination of them, we find nothing prejudicial; therefore, the judgment of the district court will be affirmed.

All the Justices concurring.