THE STATE OF KANSAS v. WILLIAM SCHABEN et al.

No. 13,889.   (76 Pac. 823.)

SYLLABUS BY THE COURT.

1. LARCENY—*Motion to Quash the Information Properly Overruled.*   An information under the statute making it larceny to alter the brand of an animal with intent to steal it, after stating facts constituting the offense, added in the same count a formal charge of larceny, manifestly referring to the same act.   The defendants moved to quash because two felonies were charged in one count.   The court struck out the language peculiar to ordi-

nary larceny and overruled the motion. *Held*, that the defend-
ants were not injured by the act or ruling of the court.

2. ——— *Error in Refusing to Require an Election between
Counts Cured by Withdrawal of One.* Where an information
contains one count charging the larceny of certain cattle and an-
other charging the larceny of other cattle belonging to a different
owner, and the opening statement of the prosecutor discloses that
it is claimed that all of the property was stolen by the same act,
the error, if any, in overruling a motion to require an election be-
tween the counts is cured by the withdrawal of one count from
the consideration of the jury at the conclusion of the state's testi-
mony, where no evidence has been admitted which was not perti-
nent to the remaining count.

3. JURY AND JURORS — *Misconduct — Record Insufficient for Re-
v ew.* Where the jury during their deliberations wrongfully ob-
tain possession of a publication described as an "almanac," and a
motion for a new trial is made based on such misconduct, to
which motion such publication is attached as an exhibit, and the
trial court denies the motion, such ruling cannot be reviewed in
this court upon a record which does not contain a copy of the
publication or any statement as to its contents.

Appeal from Ness district court; CHARLES E. LOB-
DELL, judge. Opinion filed May 7, 1904. Affirmed.

*C. C. Coleman*, attorney-general, and *A. S. Foulks*,
county attorney, for The State.

*D. A. Banta*, for appellant.

The opinion of the court was delivered by

MASON, J. : William Schaben and Clyde Wood ap-
peal from a conviction upon a charge of grand larceny.
The facts necessary for an understanding of the merits
of the contention made will be stated in connection
with the discussion of the several assignments of error.

The information contained three counts, the third
of which was drawn under section 83 of the crimes
act (Gen. Stat. 1901, § 2076), which declares that
any one altering the mark of an animal with intent
to steal it shall be adjudged guilty of larceny. It

charged in proper form the felonious alteration of the mark of a steer, and concluded with the allegation that the defendants did so, "in manner and form as aforesaid," steal, take and carry away said steer. The defendants moved to quash the count for the reason that it stated two distinct felonies—the altering of the mark of an animal and the separate offense of stealing it. The court overruled the motion but struck out the allegation peculiar to common-law larceny. Of this complaint is made.

In proceedings under statutes designating certain acts as larceny it is quite customary for the prosecutor, after setting out the facts constituting the offense, to conclude his pleading with words appropriate to a technical charge of ordinary larceny. The practice is recognized by the form books (Kell. Crim. L. & Pr. § 619; Bish. Dir. & Forms, §§ 401, 402) and has been held to be essential. (*Commonwealth v. Pratt*, 132 Mass. 246; *Kibs v. The People*, 81 Ill. 599.) The case of *State of Oregon v. Sweet*, 2 Ore. 127, held the contrary. The doctrine that it is necessary is criticized as a blunder by Mr. Bishop. (2 Bish. New Crim. Proc. 318.) Under our criminal code, the facts constituting the offense having been once stated in plain and concise language, the addition of the formal charge of larceny, having reference to the same act, seems supererogatory, but harmless. In the present case the defendants objected to it and the court struck it out, so that they have no cause of complaint. They were not injured either by the ruling of the court or by its act in striking the matter from the information.

The first count charged the larceny of certain neat cattle belonging to Julius Nonnast, the second count the larceny of neat cattle belonging to Mrs. Rose

Kunze. The steer referred to in the third count also belonged to Mrs. Rose Kunze. It developed in the opening statement that all of the cattle referred to in the information were claimed to have been stolen from the pasture of Julius Nonnast at the same time. The defendants thereupon asked that the state be required to elect upon which count it would prosecute, on the theory that but one offense had been committed. The motion was denied, but after the evidence of the state was all in the court withdrew the first count from the consideration of the jury. A verdict of guilty was rendered on the second count, no reference being made to the third count. This was, in effect, a verdict of not guilty on the third count. (*The State v. Mc-Naught*, 36 Kan. 624, 14 Pac. 277.) All the evidence introduced was pertinent to the charge in the second count, and the refusal to require an election, if error at all, was not prejudicial to the substantial rights of the defendant. (*The State v. Bussey*, 58 Kan. 679, 50 Pac. 891; *The State v. Fisher, Adm'r*, 37 id. 404, 15 Pac. 606.)

At the close of plaintiff's testimony the defendants asked the court to withdraw the case from the jury for the reason that the evidence was insufficient to warrant a conviction. This was refused as to the second and third counts, the first count being withdrawn as already stated. Defendants claim that such refusal was error, and lay stress upon the fact that the evidence was precisely the same upon the first count as upon the second, arguing that as the court sustained the motion as to one count it should have done so as to the other. The first count, however, seems to have been withdrawn in pursuance of an election to rely upon the second count rather than by reason of a lack of evidence.

There were minor circumstances not necessary to detail, tending to support the theory of the guilt of defendants, but the evidence chiefly relied on related to the possession of the property shortly after it had been stolen.   The stolen cattle were found in a pasture in which the defendants were holding cattle which they were about to ship.   Witnesses for the state testified that when the stolen cattle were first discovered the defendants had a rope on one of them and were just releasing it; that its ear, bearing the owner's mark, had been very recently cut off, the wound still bleeding.   The defendants denied having had a rope on the animal at any time.   We think there was sufficient evidence to warrant the verdict.

Complaint is made of the refusal of the court to give various instructions requested by defendants. So far as these instructions were correct statements of the law and pertinent to the circumstances of the case, they appear to have been covered by the instructions given by the court on its own motion.   Moreover, the record does not affirmatively show that it contains all of the instructions that were given.   No specific objection is made to the instructions given by the court, but it is urged that as a whole they did not sufficiently cover the material points in the case.   This question cannot be examined for the reason stated.

The most serious question presented relates to the misconduct of the jury.   After they had retired to consider their verdict, they asked the bailiff in charge of them to get them copies of an almanac. He procured two and delivered them to the jury.   It is not shown that the jury consulted these almanacs or how long they had them.   The court, upon learning of this matter, caused the jury to be brought in,

and gave them an additional written instruction admonishing them to discard entirely from their minds any effects resulting from the consideration of the almanacs, which had · been withdrawn from their possession, and to arrive at a verdict entirely from the evidence adduced on the trial.   There had been testimony that certain nights were too dark to select or handle cattle, and it is suggested, with much plausibility, that the purpose of the jury in sending for the almanacs was to ascertain the phase of the moon on the nights in question.   The use by the jury of such publications, or any documents that might influence the verdict, is misconduct from which prejudice to the defendant will be presumed.   (*The State v. Lantz*, 23 Kan. 728, 33 Am. Rep. 215; *The State v. Clark*, 34 id. 289, 8 Pac. 528.)   Mere access to such documents has been said to be sufficient evidence of their use.   (*Atkins v. The State*, 16 Ark. 568; *Jones v. The State*, 89 Ind. 82.)   There are, however, cases holding that such misconduct may be remedied by timely instruction by the court to the jury to disregard any information obtained in this manner. (*United States v. Horn*, 5 Blatchf. 102, Fed. Case No. 15,389; *State v. Bradley*, 6 La. Ann. 554.   See, also, 2 Thomp. Trials, § 2592; *United States v. Wilson*, 69 Fed. [D. C.] 584; *Schappner v. Second Avenue Railroad Company*, 55 Barb. 497.)

This question need not be here determined.   The almanacs to which the jury had access were attached to the motion for a new trial as exhibits, and expressly made parts of it.   The motion is incorporated in the bill of exceptions, but the exhibits are lacking.   They are not shown elsewhere in the record; nor is any statement there made as to their contents or character further than might be im-

The State v. Schaben.

plied by the use of the word "almanacs." No indication is afforded even as to what period they purported to cover, no date being assigned to them. The trial court, with full knowledge of the contents of the documents that were wrongfully obtained by the jury, overruled the motion. We cannot intelligently review that ruling without similar information. If the motion for a new trial had merely alleged, and the evidence in support of it had merely shown, that the jury obtained possession of two publications described as "almanacs," without further specification of their contents, it might well have been argued that the trial court should presume from such designation that they were of such a character as might possibly have affected the verdict, and on that account set it aside. Under such circumstances, the matter being presented to this court just as it was below, the same argument would have equal force here, but we cannot assume to judge of the correctness of the ruling made without knowing the evidence as to the vital point upon which it was based. It may be that the publications were of such nature that it was manifest that they could have had no possible bearing upon any feature of the case, in which event no prejudice could have resulted to defendants, and the overruling of the motion for a new trial was not error. (*The State v. Taylor*, 20 Kan. 643.)

The judgment is affirmed.

All the Justices concurring.