No. 22,876.

THE STATE OF KANSAS, *Appellee*, v. ROLLIE CURTIS, *Appellant*.

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Rape—One Preliminary Examination No Bar to a Subsequent One.* One preliminary examination on which the defendant is held for trial is not· a bar to a subsequent preliminary on another complaint and warrant charging the same offense, where the first action is dismissed before the second is tried.

2. SAME—*Information Containing Three Counts—Motion to Quash.* It is not reversible error to refuse to quash an information containing three counts where the action is dismissed as to the second and third counts before it is submitted to the jury, and the first count states an offense.

3. SAME—*Rape—Charging Offense in Language of Statute Sufficient.* An information charging rape under section 3393 of the General Statutes of 1915 is sufficient if it sets out the offense in the language of the statute.

4. SAME—*Examination of Jurors on Their Voir Dire.* On a criminal prosecution it is not error, in the examination of jurors concerning their qualifications to sit as such, to allow counsel to read to them the statute under which the defendant is being prosecuted and to ask them whether they believe the penalty too severe and whether they are in favor of the enforcement of that statute.

5. SAME—*Information Containing Three Counts—Motion to Require State to Elect.* On a trial on an information charging three different felonies in as many different counts, it is not reversible error to refuse to require the state to elect on which count it will rely for a conviction, where the second and third counts are dismissed before the case is submitted to the jury.

6. SAME—*Impeachment of Witness.* ·A witness cannot be impeached by showing contradictory statements made by him at another time and place on matters that are immaterial or collateral.

7. SAME—*Evidence.* No error was committed in the introduction or exclusion of evidence.

8. SAME—*Rape—Instructions.* The instructions properly submitted the charge of rape under section 3393 of the General Statutes of 1915.

9. SAME—*Trial—Improper Remarks of Counsel.* A judgment of conviction will not be reversed on account of improper remarks of counsel for the state in argument to the jury, where those remarks were voluntarily withdrawn or the jury was instructed by the court to disregard them, if they were not so prejudicial as to prevent the error being cured thereby.

10. SAME—*Evidence—Verdict.* There was evidence sufficient to sustain the verdict.

Appeal from Sheridan district court; CHARLES I. SPARKS, judge. Opinion filed March 12, 1921. Affirmed.

*C. L. Thompson, F. A. Sloan,* both of Hoxie, and *R. W. Turner,* of Mankato, for the appellant.

*Richard J. Hopkins,* attorney-general, and *W. H. Clark,* county attorney, for the appellee; *E. F. Beckner,* of Colby, *W. L. Sayers,* and *J. S. Parker,* both of Hill City, of counsel.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from a conviction for rape under section 3393 of the General Statutes of 1915.

1. A number of questions are presented, the first of which is whether the court erred in overruling the defendant's plea in abatement. It appears that the defendant was first arrested on a charge of rape, on which he waived preliminary examination and was held for trial in the district court. Afterward, another complaint was filed charging the defendant with rape, with decoying the complaining witness with intent to cause her to be secretly confined in the state of Kansas against her will, and with enticing her to go from her father's home to the defendant's place of business for the purpose of fornication. The defendant was again arrested, and on another preliminary examination, was held for trial on all three charges. An information was filed in the district court charging each of these offenses in separate counts. A plea in abatement was filed against the first count. The plea alleged that by reason of the first preliminary examination, the examining magistrate had no jurisdiction to hold a second one. The first action was dismissed without trial.

There is no constitutional or statutory inhibition against holding more than one preliminary examination for the same offense, although the defendant may have been held for trial on the first preliminary. In this state, as many preliminary examinations may be held as the prosecution may in good faith desire, and the defendant has no just cause for complaint. (*The State v. Jones,* 16 Kan. 608; *The State v. Ray,* 81 Kan. 159, 160, 105 Pac. 46.)

2. The defendant's motion to quash each count of the information was denied. Before the case was finally submitted to the jury, the action was dismissed as to the second and third counts, and no reversible error was committed in denying the motion as to those counts even if neither stated a cause of action. The defendant cannot complain of any error committed with reference to them, because no judgment was rendered on either of them. The following cases, while not directly in point, control in the determination of this question: *The State v. Fisher, Adm'r,* 37 Kan. 404, 15 Pac. 606; *The State v. Bussey,* 58 Kan. 679, 50 Pac. 891; *The State v. Schaben,* 69 Kan. 421, 76 Pac. 823; *The State v. Taylor,* 90 Kan. 438, 443, 133 Pac. 861.

3. The first count of the information charged that in Sheridan county—

"The said Rollie Curtis did then and there unlawfully, willfully and feloniously, have carnal knowledge of a certain woman to wit: Lena Hunziker, a single woman of twenty-one years of age, without her consent, by administering to her, the said Lena Hunziker, intoxicating and other liquors, which liquors, did then and there produce such stupor and weakness of body of the said Lena Hunziker, as to prevent effectual resistance."

The statute, section 3393 of the General Statutes of 1915, under which the defendant was prosecuted, reads—

"Every person who shall have carnal knowledge of any woman of eighteen years or upwards, without her consent, by administering to her any substance, liquid, or any potion, by inhalation or otherwise, which shall produce such stupor or imbecility of mind or weakness of body as to prevent effectual resistance, shall upon conviction be adjudged guilty of rape, and be punished as in the last section provided."

The statute creates the offense and sets out the facts which constitute it. The information alleged the offense in the language of the statute. In *The State v. Buis,* 83 Kan. 273, 274, 111 Pac. 189, this language is found:

"The information, which contained three counts, follows the language of the statute, and this is all that is required where the statute creates the offense and sets out the facts which constitute it."

(See, also, *The State v. Foster,* 30 Kan. 365, 2 Pac. 628; *The State v. Bellamy,* 63 Kan. 144, 65 Pac. 274; *The State v. Seely,* 65 Kan. 185, 69 Pac. 163.)

The defendant argues that the information did not allege force in the accomplishment of the rape, nor allege an intent to commit the offense by the administration of liquors. The statute does not make force an element of the offense under section 3393. The other part of the defendant's argument, that the information does not allege an intent to commit the offense, might have some basis if the information had alleged an attempt to commit, and not the commission of the offense. The first count was sufficient.

The defendant again raised this question by objecting to the introduction of evidence and presents it as a separate assignment of error under that head. It is not necessary to discuss the proposition further.

4. Complaint is made of the manner in which the jurors were examined on their *voir dire.* The attorneys for the state read to each juror the substance of the statute under which each of the charges was drawn and asked each juror whether he believed the penalty too severe and whether he was in favor of the enforcement of the law. The statute, section 201 of the code of criminal procedure, provides that "no person who believes the punishment fixed by the law to be too severe for the offense . . . shall be sworn as a juror." The state had a right to ascertain the condition of each juror's mind on this matter, and there was no way to do that except by informing the juror concerning the penalty. One who does not believe in the enforcement of the law for a violation of which the defendant is being tried can hardly be said to be a proper juror; at least, the prosecution has a right to ask concerning that matter in order to determine whom to excuse on peremptory challenge.

5. At the opening of the trial, the defendant requested that the state be required to elect on which of the three counts in the information it would proceed to trial. The request was denied. At the close of the state's evidence, the defendant requested

that the state be required to elect on what count or counts of the information it would rely for conviction, and the request was denied, but the state afterward elected to rely upon the first and second counts of the information. It is contended that it was error not to require the state to elect at that time. This matter has been disposed of contrary to the contention of the defendant by *The State v. Fisher, Adm'r,* 37 Kan. 404, 15 Pac. 606; *The State v. Bussey,* 58 Kan. 679, 50 Pac. 891; *The State v. Schaben,* 69 Kan. 421, 76 Pac. 823; and *The State v. Taylor,* 90 Kan. 438, 443, 133 Pac. 861. Before final submission to the jury, the state dismissed as to the second count of the information, and only the first count was submitted. There was no reversible error in refusing to require the state to elect.

6. From the testimony abstracted, it appears that the complaining witness had written letters containing statements, more or less direct, concerning her habits and her relations with the defendant, contradictory to her evidence on the witness stand. She was cross-examined concerning the statements contained in those letters. The statements that concerned material matters were read to the jury, while those concerning matters wholly immaterial or collateral were excluded. It has long been held that a witness cannot, for the purpose of impeaching him, be contradicted on immaterial or collateral matter brought out on cross-examination. (*A. T. & S. F. Rld. Co. v. Townsend,* 39 Kan. 115, 17 Pac. 804; *The State v. Keefe,* 54 Kan. 197, 201, 38 Pac. 302; *The State v. Sweeney,* 75 Kan. 265, 88 Pac. 1078; *The State v. Swartz,* 87 Kan. 852, 855, 126 Pac. 1091; *The State v. Sexton,* 91 Kan. 171, 136 Pac. 901; *The State v. McLemore,* 99 Kan. 777, 164 Pac. 161; 40 Cyc. 2699.)

7. Other matters concerning the introduction and exclusion of evidence are complained of. They have been examined, and no error has been found in them.

8. Complaint is made of the following instruction given by the court:

"The burden of proof is upon the state to prove beyond a reasonable doubt the material elements of the offense charged in count one of the information herein before the defendant can be convicted of the crime therein charged. The crime charged therein is one of rape. The material elements necessary to be proven are that the defendant, in the county of Sheridan and state of Kansas within two years prior to the filing of the complaint herein, to wit, May 31, 1919, committed the crime

of rape upon Lena Hunziker, as hereinafter defined in these instructions; that said Lena Hunziker was at said time a woman of 18 years or upwards; that said rape was committed by administering to her at said time and place, intoxicating or other liquors and which said liquors did then and there produce such weakness of body of the said Lena Hunziker as to prevent effectual resistance on her part to said offense; that said crime was committed then and there without her consent."

That was not the only instruction given on the matter embraced therein. The following were also given:

"You are instructed that in order to convict the defendant herein, of the crime of rape as charged in the first count of the information herein, the defendant must have had carnal knowledge of said Lena Hunziker, within the time stated in instruction number one.

.     .     .     .     .     .     .     .     .     .     .     .     .

"In order to convict of the crime of rape as charged in count one of the information herein, the defendant must have, at the time and place elsewhere stated in these instructions, administered to said Lena Hunziker intoxicating or other liquors which said liquors did then and there produce such stupor and weakness of the body of said Lena Hunziker as to prevent effectual resistance on her part to the commission of said crime of rape. The legal definition of the word 'administer' is to give, supply, dispense. A conviction cannot be had alone upon the matters stated in this instruction but all of the things and matters set out in instruction number one must be proven as therein stated."

By these instructions, the court submitted to the jury every element of the offense charged; they stated the law fairly and correctly.

9. The defendant insists that there was misconduct on the part of counsel for the state in the argument of the cause to the jury. Improper language was used; but in each instance, that language was voluntarily withdrawn by the attorney who used it, or the jury was instructed by the court to disregard it. There was no statement made that can be said to have been so prejudicial as not to have been cured by its voluntary withdrawal or by the instruction of the court. A detailed statement of the argument of counsel or of the remarks made will not serve any useful purpose.

10. The final contention is that the verdict was contrary to law and was not sustained by evidence. The evidence, as abstracted, has been carefully examined. There was ample evidence to justify the jury in returning a verdict of guilty on the first count, although there was evidence on which the jury could have found the defendant not guilty. The determination of the

fact of guilt or innocence was for the jury from all the evidence. Under the instructions of the court and on evidence that warranted it, the jury returned a verdict of guilty under the first count of the information.

The judgment is affirmed.