No. 24,157.

THE STATE OF KANSAS, *Appellee,* v. ROBERT DILGAR and THOMAS PAINE, *Appellants.*

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Aiding an Attempt to Escape from Jail—Sufficiency of Information.* An information drawn under section 3564 of the General Statutes of 1915, charging two persons with assisting each other in attempting to escape from jail, sufficiently charges the legality of the confinement and that each had knowledge that the other was lawfully confined, where the information sets out the charge under which they were confined and were awaiting trial and charges them jointly with the commission of that offense.

2. SAME—*Two Offenses Charged—Motion to Quash Information Denied—No Error.* Error in overruling a motion to quash an information which charges two offenses under one statute becomes immaterial where the defendant is tried on one charge only, the jury is instructed on that charge, and the defendant is found guilty thereon, and nothing is said concerning the other charge set out in the information.

3. SAME—*Voluntary Admissions of Guilt by Defendant—Competent Evidence.* Admissions made by one on trial charged with a felony may be introduced

against him; and, if those admissions amount to a confession of guilt, they may be introduced against him when it appears that they were voluntarily made.

4. SAME—*Aiding in Attempt to Escape Jail—Incompetent Evidence.* Two defendants on trial under a charge of assisting each other in attempting to escape from the jail in which they were both confined may not show the evidence that was introduced on the preliminary examination on which they were held for trial under the charge pending against them at the time they attempted to assist each other to escape.

Appeal from Trego district court; Isaac T. Purcell, judge. Opinion filed July 8, 1922. Affirmed.

*Harold O. Mulks,* of Chicago, Ill., for the appellants.

*Richard J. Hopkins,* attorney-general, and *John R. Parsons,* county attorney, for the appellee.

The opinion of the court was delivered by

Marshall, J.: The defendants appeal from a conviction of attempting to assist each other to escape from jail while confined there under a charge of "having on the 8th day of July, 1920, in said county and state unlawfully and feloniously advocated and affirmatively suggested unlawful acts as the means of accomplishing and effecting an industrial and political revolution and of unlawfully and feloniously assembling with an assemblage of persons which assemblage had for its object and purpose the teaching, advocating, and affirmatively suggesting the doctrine of criminal syndicalism and were further at said time and place held and confined for the offense of aiding, abetting and assisting on said 8th day of July, 1920, a society calling itself the Industrial Workers of the World which society had for its objects and purpose and which society had its agents then on said 8th day of July, 1920, in said Trego county, Kansas, advocating and affirmatively suggesting the necessity and propriety of doing unlawful acts as the means of effecting and accomplishing an industrial and political revolution."

The information on which they were convicted charged that "while so held for the said offense the said Robert Dilgar and Thomas Paine did then and there on the said —— day of October, 1920, in said county and state assist and abet each other, that is Robert Dilgar did assist and abet Thomas Paine at said time and place and said Thomas Paine did then and there assist and abet Robert Dilgar, to remove rocks and cement from the wall of said

jail with intent then and there that they both and each of them might escape from said jail."

A motion to quash the information was overruled. That motion set up, in substance, that the information did not charge facts sufficient to constitute a public offense and that the information was duplicitous because it charged each defendant with attempting to escape and with assisting the other in attempting to escape. The defendants urge twenty-five assignments of error and argue fifteen propositions in their brief; all have been examined.

1. The principal question presented by the motion to quash concerns the sufficiency of the information. The defendants argue that it did not charge that they were lawfully confined in the county jail, nor allege facts from which the court could conclude that they were lawfully confined therein. The statute under which the information was drawn reads as follows:

"Every person who shall by any means whatever aid or assist any prisoner lawfully detained in jail or place of confinement, for any felony, to escape therefrom, whether such escape be effected or not, shall upon conviction be punished by confinement and hard labor for a term not exceeding five years." (Gen. Stat. 1915, § 3564.)

The information alleged that the defendants were confined in jail while awaiting trial on the charge of having violated section 3 of chapter 37 of the Laws of 1920. The information did not allege that they were lawfully confined, but it did allege facts which showed that the confinement was lawful.

Another objection to the information is that it did not charge that each of the defendants had knowledge that the other was lawfully confined in the jail. The information implied but did not allege that they were jointly charged with the commission of the offense for which they were in jail awaiting trial. The complaint before the justice of the peace, on which they were first arrested, was against both of them; they were arrested on the same warrant; they had their preliminary examinations together; and they were confined in jail together awaiting trial. Each knew the charge against the other. In the information in the present action, the facts alleged necessarily implied that each defendant had knowledge of the lawful confinement of the other. That made the information good. (*The State v. Lawrence,* 43 Kan. 125, 23 Pac. 157.) The information charged an offense under section 3564 of the General Statutes of 1915.

The State v. Dilgar.

2. The defendants argue that the information charged two offenses against each of the defendants, on either of which each of the defendants might have been convicted. Admit that this argument is correct; they were not tried for two offenses. Each was tried for assisting the other in attempting to escape; the instructions were based on that charge; and the verdicts of guilty against each of the defendants responded to it. The result was the same as it would have been if there had been but one charge contained in the information, or as it would have been if the defendants had been tried on both charges, the jury had been instructed on both, the defendants had been convicted on both, and thereafter the state had dismissed as to one of them and asked that judgment be pronounced on the other. This would have been in harmony with *The State v. Bussey,* 58 Kan. 679, 50 Pac. 891; *The State v. Schaben,* 69 Kan. 421, 76 Pac. 823; *The State v. Taylor,* 90 Kan. 438, 133 Pac. 61; *The State v. Bell,* 107 Kan. 707, 193 Pac. 373; and *The State v. Curtis,* 108 Kan. 537, 196 Pac. 445.

3. It is urged that admissions made by the defendants were improperly received in evidence. It is contended that before a confession can be received in evidence, it must be established that the confession was voluntarily made. It is also urged that this was not done on the trial of this action. The defendants were confined in the jail. No other persons were with them. The deputy sheriff heard pounding on the wall of the jail. He went inside and found them covered with white dust and found rocks and mortar that had been taken from the wall and were lying on the floor. He found two case knives. He found that the casing had been taken from one of the windows and that a window weight had been taken therefrom and wrapped with strips torn from a blanket in the jail. Each of the defendants admitted to the sheriff and his deputy that they had done the work. The evidence showed that the statements were voluntarily made by the defendants. There was nothing to show that they were made as the result of any promise, inducement, or threat. They were not confessions of guilt, but were admissions of facts. Even if they were confessions, they were admissible because they were voluntarily made. The contention that the evidence was inadmissible cannot be sustained. (*The State v. Reddick,* 7 Kan. 143; *The State v. Ingram,* 16 Kan. 14; *The State v. Hayes,* 106 Kan. 253, 187 Pac. 675; and *The State v. Pollman,* 109 Kan. 791, 201 Pac. 1101.)

4. For the purpose of showing that their confinement was illegal, the defendants, on the cross-examination of the witnesses for the state and by direct evidence on their own behalf, attempted to show what evidence had been introduced before the justice of the peace, on the charge on which they were held for trial in the district court. They were not permitted to do so, and of that they complain. The sufficiency of the evidence before the justice of the peace in the proceeding on which they were held for trial and on which they were confined in jail was entirely immaterial upon the trial of the defendants in the present action. If that evidence was insufficient to justify their being held for trial, they had their remedy by habeas corpus. The sufficiency of that evidence was not material upon the trial of the defendants in this action. They may not have been guilty, but that was immaterial. In *The State v. Lewis,* 19 Kan. 260, it was held that one who breaks jail while confined on a charge of which he is not guilty may be convicted of the crime of escaping from the jail.

The defendants cite a number of authorities which they argue are to the effect that one who is unlawfully imprisoned may escape from that imprisonment without committing any offense. Following that argument, the defendants contend that they were not lawfully imprisoned and that for that reason they committed no offense in attempting to aid each other in their escape from the jail. The difficulty with the defendants' argument is that they were lawfully imprisoned under a charge of having committed a felony.

No error appears, and the judgment is affirmed.