No. 26,496.

THE STATE OF KANSAS, *Appellee,* v. V. R. COTTRELL, *Appellant.*

### SYLLABUS BY THE COURT.

INTOXICATING LIQUORS—*Unlawful Possession—Forfeiture of Transporting Vehicle—Evidence.* Record of defendant's trial and conviction of the offense of having unlawful possession of intoxicating liquors examined, and *held,* (*a*) that the evidence was sufficient to sustain the judgment of defendant's guilt, and (*b*) sufficient to support the judgment condemning and forfeiting his automobile as a nuisance.

Appeal from Meade district court; KARL MILLER, judge *pro tem.* Opinion filed February 6, 1926. Affirmed.

*Frank S. Sullivan,* of Meade, for the appellant.

*Charles B. Griffith,* attorney-general, *C. A. Burnett,* assistant attorney-general, *Alex R. Wilson,* county attorney, and *F. C. Price,* of Ashland, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The defendant was convicted of the offense of having unlawful possession of intoxicating liquors, and his automobile in which the liquor was found was condemned as a nuisance and forfeited.

In his appeal defendant contends that the state proved "but one ingredient of the crime charged, viz.: intoxicating liquor was found in the automobile owned and driven by the defendant." Defendant argues that this modicum of proof was insufficient to sustain the verdict and judgment against him. However, even this argument concedes that the state's evidence went so far, and a resort to the abstracts discloses a good deal of other evidence, not the least significant of which was the statements of defendant and his companion at the time of defendant's arrest and the seizure of two gallons of intoxicants in the locked rear compartment of his automobile. Defendant said:

"Charley, don't be too hard on us. . . . We just got these two gallons for a party for our own individual use."

The companion or guest who had been riding with defendant in the car said, in defendant's presence and hearing:

"Keller, make it as light as you can on us, because there was four or five other cars there loading up at the same time we was; we just got this for our

Intoxicating Liquors, 33 C. J. pp. 687 n. 77, 761 n. 53.

State v. Cottrell.

own use.  .  .  .  We don't want to be stuck hard on it just because we was caught with it."

Not only was defendant's own statement highly probative (*State v. Gillespie,* 62 Kan. 469, 63 Pac. 742; *State v. Campbell,* 73 Kan. 688, syl. ¶ 3, 85 Pac. 784; *State v. Pearce,* 87 Kan. 457, 124 Pac. 814; *State v. Dilgar,* 111 Kan. 794, syl. ¶ 3, 208 Pac. 620), but also that of his companion made in his presence and hearing.  (*State v. Cruse,* 112 Kan. 486, syl. ¶ 6, 212 Pac. 81, and see *State v. Moskowitz,* 115 Kan. 485, 223 Pac. 279.)  Altogether the state's *prima facie* case against defendant was so completely established as to require its submission to the jury.

We note the character of the defense, partly based on argument and assumption, but perhaps in some small degree upon evidence also, that defendant was the innocent victim of some unknown enemy in conspiracy with the constable and the Ku Klux Klan to do him the ill turn which culminated in his conviction and cost him his automobile.  But that sort of defense spent all its force when it was heard and discredited by the jury.  (*State v. Davis,* 106 Kan. 527, syl. ¶ 9, 188 Pac. 231.)

The contention that the evidence was insufficient to justify the judgment cannot be sustained.

The judgment is affirmed.