No. 32,004

THE STATE OF KANSAS, *Appellee*, v. CARRIE DUVALL, *Appellant*.

(36 P. 2d 958)

Opinion filed November 3, 1934.

*Walter L. Bullock,* of Dodge City, and *W. E. Eddy,* of Hugoton, for the appellant; *C. H. Russell,* of Dodge City, of counsel.

*Roland Boynton,* attorney-general, *Everett E. Steerman,* assistant attorney-general, and *A. E. Kramer,* county attorney, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was a prosecution of Carrie Duvall for disturbance of the peace of Bess Jones and Mrs. Louise Jones, and others in Stevens county. She was convicted, and appeals.

There were written admissions introduced and admitted in evidence. After she was arrested for the part she had taken in the affair she sent a message to the sheriff's office proposing to make a confession or statement. Mr. Stevenson, the sheriff, and his secretary, went out to take the statement. It was put in the form of questions and answers written out and signed by Miss Duvall. Mr. Stevenson and the county attorney made no promises of favor to Miss Duvall to obtain her confession and she has never denied or contravened the facts included in the statement. The following

was the exhibit that was admitted in evidence, and it was voluntarily signed by Miss Duvall:

"Carrie Duvall, being of lawful age, deposes and says: Tuesday, November 14, 1933, on or about 8:30 p. m., I and Lee Henson had a quarrel and he said he was going to quit. I am crazy about him, and still am, and I had to do something to hold him and I decided to frame him to bring him back. It was the only way I knew of to bring him back. I decided that I would be missing for several days and that I would be found bound and gagged, but I didn't think of it being anything like this and did not want Lee punished.

"Q. With your framing with your friend, did he or she, at any time, know your intention? You asked them as a friend, not letting them know what you were doing, to play the particular part that they were to play, just as a friendly act? A. Yes.

"Q. You never did let them know why or what you intended. A. No.

"Q. Was your friend—he or she, as the case may be—anyone that had it in for Lee Henson in any way? A. No.

"Q. At no time when you were with them, you did not indicate your intention? A. No.

"Q. The fact of the business is that you were treated well and in the hands of friends during the time you were gone? A. Yes.

"Q. The matter of being wired up and tied up was friendly and no struggle? A. Yes.

"Q. Your actions in the matter did bring back the man you were wanting, and you are now satisfied and wish the investigation stopped? A. Yes.

"Q. That you have accomplished the purpose and this confession is both for the benefit of the officers and yourself? A. Yes.

"Q. Will you tell us the name of your friend? A. No.

"Q. You expect at this time and at all times to protect this friend or friend's name, owing to the fact that you figure that he had no intention only carrying out your wishes? A. Yes.

"Furthermore, deponent saith not. CARRIE DUVALL."

It was clearly against her interest, was voluntary and freely given without promise of favor to obtain the confession.

In the county court of Stevens county there was a plea of guilty, upon which judgment was rendered. Later the defendant took an appeal to the district court where it was retried and another conviction obtained. The circumstances of the offense were shown. They were unusual. The display excited fear and apprehension in the minds of the Jones women. To find a woman on the side of the highway bound and gagged would lead to the belief that there had been a kidnaping, which would bring terror into their minds that the crime had extended into the southwestern part of the state.

To make the statement admissible as a confession, it was enough

to show that it was voluntarily made. (*State v. Campbell*, 73 Kan. 688, 85 Pac. 784; *State v. Hayes*, 106 Kan. 253, 187 Pac. 675; *State v. Pollman*, 109 Kan. 791, 201 Pac. 1101; *State v. Dilgar*, 111 Kan. 794, 208 Pac. 620.) When voluntarily made the facts included in the statement were admissible in evidence to be submitted to the jury. The statute is plain and easily understood. It provides that:

"Every person who shall willfully disturb the peace and quiet of any person. family or neighborhood, shall upon conviction thereof be punished, etc." (R. S. 21-950.)

It is not necessary that violence should be employed, but it is enough if she disturbs the peace of a person, family or neighborhood. She said she "didn't think of it being anything like this, and did not want Lee punished," but she was willing to frighten the people to accomplish her purpose with him.

There is some complaint of instructions, but no error, and our judgment must be that of affirmance. It is so ordered.