No. 43,500

THE STATE OF KANSAS, *Appellee,* v. CARROLL D. MALLETT, *Appellant.*

(386 P. 2d 214)

Opinion filed November 2, 1963.

*Russell Shultz,* of Wichita, argued the cause, and *Robert M. Walker,* of Wichita, and *Jack Holt, Sr.,* of Little Rock, Arkansas, were with him on the brief for the appellant.

*R. K. Hollingsworth*, Deputy County Attorney, argued the cause, and *William M. Ferguson*, Attorney General, *Robert E. Hoffman*, Assistant Attorney General, and *Keith Sanborn*, County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: Defendant, Carroll D. Mallett, has appealed from a conviction of the offense of robbery in the first degree (G. S. 1949, 21-527).

In the evening of April 24, 1962, three men entered a grocery store in Wichita and announced that "it was a holdup." Two of them—and possibly the third—carried guns. Several employees and customers were in the store at the time. The details of the holdup need not be narrated. Approximately $4,000 belonging to the store, and other items, were taken.

About a month later defendant Mallett and two other men, by the names of Wilson and Price, were taken into custody in Green Bay, Wisconsin. They were returned to Wichita. All three were charged in the same information. Later it appears that Price, through "alibi" affidavits, apparently convinced the authorities that it was physically impossible for him to have participated in the robbery. In any event, the charge against him was dismissed and he was discharged.

Defendant and Wilson were granted separate trials. We are told that Wilson was tried first and that he was acquitted by the jury.

Defendant was found guilty as charged. The penalty for conviction of robbery in the first degree is confinement for not less than ten years nor more than twenty-one years (G. S. 1949, 21-530). Having previously been convicted in the federal court in Arizona of transporting a stolen automobile in interstate commerce, the provisions of the habitual criminal statute (G. S. 1949, 21-107a) were invoked, and he was sentenced to confinement for not less than twenty years nor more than forty-two years. His motion for a new trial was overruled and this appeal followed.

Shortly after their return to Wichita from Wisconsin defendant and Wilson advised the authorities that they were represented by an attorney from Arkansas. The record discloses that perhaps local counsel also had been retained. One afternoon defendant and Wilson were brought to the interrogation room of the courthouse and were questioned by detectives Triplett and Brown. The four of them were in the room together. At the trial the detectives

testified for the state. Brown testified that defendant and Wilson were asked if they would give a statement concerning the robbery, and that Wilson replied that if the attorney so advised "they would give us a statement in connection with the robbery." In his brief defendant contends it was error to admit testimony of this conversation, and some point is made of the fact there was no "identification" of the persons speaking. Upon oral argument of this appeal it was further contended that defendant's rights were violated by the fact the officers attempted to interrogate him and Wilson at a time when they were represented by counsel.

There is no merit to either of these contentions. In the first place, the testimony of Brown was merely cumulative of that previously given by Triplett, to which no objection was made. In the second place, defendant was present during the entire questioning, and it was not error to permit Brown to relate the statement by Wilson. (*The State v. Cruse*, 112 Kan. 486, syl. 6, 212 Pac. 81; *State v. Cottrell*, 120 Kan. 312, 313, 243 Pac. 296; *State v. Davis*, 133 Kan. 571, syl. 2, 300 Pac. 1114.) And finally, the mere fact that defendant and Wilson had retained counsel did not preclude the authorities from interrogating them concerning the offense with which they were charged. This is not one of those instances in which it has been held that it was error to "extract" a confession from one in custody prior to permitting him access to counsel.

When being cross-examined by counsel for defendant, detective Triplett was asked why it was that Price had not been included in the interrogation above related, and he was specifically asked if there was any reason why they, the detectives, did not want him, Price, in on the conversation. Triplett replied in the affirmative— that there was a reason. He then was asked what the reason was, and answered: "These men [meaning defendant and Wilson] had criminal records which they admitted, and they wanted to talk about what would be done—"

It is contended such reference to the prior criminal record of defendant constituted prejudicial error and that the court erred in refusing to strike the answer. The contention is without merit. In the first place, the answer was responsive to the question, and, being brought out and elicited on cross-examination, defendant cannot now complain. The incident is not to be confused with those cases dealing with the rule that ordinarily the state in its case in chief is not permitted to introduce evidence of other offenses.

It also is contended the court erred in giving instruction No. 3 on aiding and abetting, and instruction No. 7 which touched on the subject.

This contention likewise is without merit. The two instructions were correct statements of the law and, under the evidence, were proper, and in no way were prejudicial to defendant's rights.

It next is contended the trial court erred in refusing to instruct that the charge as to Price had been dismissed by the state and that Wilson had been acquitted.

The record discloses, however, that the contention is broader than the requested instruction which was refused. The substance of it was to the effect that the case was originally filed against defendant, Wilson and Price; that the case was still pending as to defendant, and that upon Price's filing notice of a plea of alibi by affidavits of six persons in Arkansas the case was dismissed by the state as to him without prejudice.

In the case at bar the sole issue was the guilt or innocence of defendant, and the disposition of the charges against Price and Wilson was of no concern to the jury. The fact of the dismissal as to Price, and the acquittal of Wilson by another jury, had no place in the instructions in the case against defendant, and the court did not err in refusing to give the requested instruction.

And finally, it is contended the court erred in refusing to discharge defendant at the close of the state's evidence and in failing to grant a new trial.

Neither of these contentions has merit. Defendant was positively identified by several of the state's witnesses and it was for the jury to believe or disbelieve their testimony. An examination of the record fails to establish anything approaching prejudicial error, and the motions for discharge and for a new trial were properly overruled. (*State v. Haught,* 180 Kan. 96, 100, 299 P. 2d 573; *State v. Dill,* 182 Kan. 174, 175, 319 P. 2d 172; *State v. Crosby,* 182 Kan. 677, 324 P. 2d 197, 76 A. L. R. 2d 514, and *State v. Smith,* 187 Kan. 42, 45, 46, 353 P. 2d 510.)

The judgment is affirmed.